THE LLANO IMPROVEMENT AND FURNACE COMPANY
v. WHITE & ALLEN.

No. 536.

1. **Judgment for Costs on Dismissal.** — The dismissal by the County Court of an appeal from a Justice Court, for want of jurisdiction, does not deprive that court of the power to render judgment for the costs of the appeal.

2. **Procedendo.**—While on dismissal of an appeal to the County Court the court has no power to order a procedendo, yet that the order of dismissal contained the further clause that the Justice Court proceed with the execution of its judgment, is no ground for reversal. The law would require such action, and the recitation of it in the judgment was harmless.

APPEAL from the County Court of Llano.   Tried below before Hon. W. S. MAXWELL.

*Miller & Lauderdale,* for appellant.—1. If the County Court dismiss an appeal for want of a sufficient appeal bond, it can not at the same time render judgment against the party whose appeal is dismissed for costs, and award execution therefor.

2. It is error for the County Court, on the dismissal of an appeal from a Justice Court, to order the justice to proceed with the execution of his judgment already rendered.

*Slator & McLean,* for appellees.—1. Costs may be adjudged by the court, though jurisdiction never attached for any other purpose. Wadsworth v. Chick, 55 Texas, 241; Roeser v. Bellmer, 7 Texas, 1. When costs have not been properly adjusted, and attention is not called to it in the court below, it can not be questioned in the appellate court. Weibusch v. Taylor, 64 Texas, 53.

2. It was proper for the County Court, on the dismissal of this cause, to order the justice of the peace to proceed with the execution of the judgment rendered. Rev. Stats., art. 313; Clark v. Hutton, 28 Texas, 123.

FISHER, CHIEF JUSTICE.—The appellees sued the appellant, in Justice Court, on a note for $142.18, and obtained judgment, from which an appeal was taken to the County Court. The court dismissed the appeal, with a judgment against the appellant for costs, and awarded execution therefor, and also ordered that the Justice Court should proceed with the execution of its judgment. Appellant's appeal to this court rests upon two grounds:

1. That the County Court, by dismissing the appeal, lost its jurisdiction over the case, and therefore had no power to render a judgment for costs or otherwise.

2. That the judgment of the County Court requiring the Justice Court to proceed with the execution of its judgment previously rendered in the case was without authority of law, and the court had no power to make such an order.

The first question raised was directly decided in the case of Roeser v. Bellmer, 7 Texas, 1. It is there held, that the dismissal of a cause by the court for the want of jurisdiction does not deprive the court of the power to render a judgment for the costs of the appeal.

In the case of Wadsworth v. Chick, 55 Texas, 242, the Supreme Court dismissed the appeal for the want of jurisdiction, and rendered judgment against the appellant and the sureties on her appeal bond for the costs of the appeal, and for the costs incurred in the trial courts.

As we interpret the judgment of the County Court, it is simply a judgment against the appellant for the costs incurred in bringing its case to that court on appeal, and leaves the judgment of the Justice Court as to

the amount recovered as well as the costs there incurred to be collected by process from that tribunal.

So far as known to this court, it has been the uniform practice of the courts of this State, upon the dismissal of appeals for the want of jurisdiction or for other reasons, to render judgment against the one appealing for the costs of the appeal. We regard this question as no longer open, and think it settled by the adjudications previously cited.

We think there is no merit in the second objection to the judgment. There is no statute in this State that authorizes the County Court, upon the dismissal of an appeal from the Justice Court, to award a writ of procedendo requiring the Justice Court to proceed with the execution of its judgment; but such an order can be made and such a writ will lie upon the dismissal of a case carried to the County Court by certiorari. Sayles' Civ. Stats., art. 313; Clark v. Hutton, 28 Texas, 123.

But the fact that the County Court, in entering its judgment dismissing the appeal, stated therein that the Justice Court should proceed with the execution of its judgment, can not be regarded as reversible error, when it does not appear that the judgment authorizes or requires the issuance of a writ of procedendo, and that the judgment of the Justice Court is executed by authority of such writ. If the County Court, in entering a judgment that it could lawfully render—that is, dismissing the appeal and awarding costs—in addition required the Justice Court to do that which the law demanded—that is, execute its judgment—although it had no authority to make such an order, would not make invalid the judgment that it had the authority to render. The order of the County Court did not award a writ of procedendo, and undertake by process from that court to enforce and execute the judgment of the Justice Court, but it was simply to the effect, that " the Justice Court proceed with the execution of its judgment." Upon the dismissal of the appeal by the County Court, the law would require the Justice Court to execute its judgment, and the order of the County Court to that effect is requiring no more than is exacted by the law. It is simply repeating the declaration of the law. Although the power to so declare may be wanting in the court, it. is nevertheless harmless, as the power to execute the declared order does not exist. If the court, without authority, makes an order that can not in any event result in harm, we fail to see how it can affect that part of the judgment that it had the lawful power to render.

The judgment of the court below is affirmed.

*Affirmed.*

Delivered November 1, 1893.