JIM HARRIS v. ROBINSON & MARTIN.

Decided March 4, 1908.

**Appeal—Justice Court—Appeal Bond Necessary, when—Jurisdiction.**

In order to perfect an appeal from a Justice's Court by a party against whom a money judgment has been rendered, it is necessary to execute an appeal bond or make a pauper's affidavit in lieu thereof. In the absence of such bond or affidavit the County Court would have no jurisdiction, and hence a Court of Civil Appeals would have none by appeal from the County Court.

Appeal from the County Court of Travis County. Tried below before Hon. John W. Hornsby.

*Charles Stephenson,* for appellant

*Wm. Brueggerhoff,* for appellee.

FISHER, CHIEF JUSTICE.—Appellant Harris brought this suit in the justice's court, precinct No. 3 of Travis County, against the appellees for the sum of $175, as damages to his crop, occasioned by the alleged negligence of the appellees and their employes in leaving a gate open, thereby permitting stock to enter appellant's field and destroy the crop.

The appellant recovered a judgment against the appellees in the justice's court for $165, from which judgment the appellees appealed to the County Court, and there judgment was rendered in their favor for costs and to the effect that appellant take nothing by his suit.

We have carefully examined this record, and we discover that it contains neither an appeal bond nor an affidavit in lieu thereof filed in the justice's court. In Pace v. Webb, 79 Texas, 317, and Packenius v. Petri, 29 S. W., 1095, and other cases that might be cited, it is held that in order to perfect an appeal from the justice's court by a party against whom a moneyed judgment has been rendered, it is necessary to execute an appeal bond, or make a pauper's affidavit in lieu thereof. In McCarthey v. North Texas Loan Co., 101 S. W., 267, and Royal Fraternal Union v. Bedford, 20 Texas Ct. Rep., 26, and cases there

cited, and in Maley v. Mundy, in the original opinion handed down by this Court on the 27th day of November, 1907, and the opinion on rehearing of February 20, 1908, it is held that in order to confer jurisdiction upon the County Court of a case appealed from the justice's court, it must affirmatively appear from the face of the record that the appeal bond or affidavit required by statute was executed, except in a certain class of cases where appeal bonds or affidavits in lieu thereof are not required. A moneyed judgment having been recovered in the justice's court against Robinson & Martin, they could not appeal to the County Court unless the affidavit or appeal bond was executed.

The attempted appeal conferring no jurisdiction upon the County Court, of course, it follows that this court is lacking in jurisdiction. Therefore, the appeal will be dismissed at the cost of appellant.

*Appeal dismissed.*