TEXAS & P. RY. CO. v. MIDLAND MERCANTILE CO.    (No. 493.)

(Court of Civil Appeals of Texas.    El Paso. Dec. 9, 1915.)

1. JUSTICES OF THE PEACE ⬤159—APPEALS —SUBSTITUTION OF NEW BOND—"DEFECTIVE."

Where a bond for appeal from a judgment of justice court did not appear to have been filed or approved, it is not a defective bond within Rev. St. 1911, art. 2104, which may be corrected by amendment or for which a new bond may be substituted.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 544, 550–578; Dec. Dig. ⬤159.

For other definitions, see Words and Phrases, Second Series, Defective.]

2. JUSTICES OF THE PEACE ⬤159—APPEAL BOND—APPROVAL.

Rev. St. 1911, art. 2393, declares that the party appealing, his agent or attorney, shall, within ten days from the entry of judgment, file with the justice a bond to be approved by the justice. Appellant's appeal bond did not appear to have been either filed or approved, although there was a charge in the justice's fee bill for taking the bond. *Held*, that where the justice testified he did not remember whether the bond was given to him or not, the county court has no jurisdiction of the appeal, the bond not having been filed and approved, as required by statute.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 544, 550–578; Dec. Dig. ⬤159.]

Appeal from Midland County Court; Frank A. Judkins, Special Judge.

Action by the Midland Mercantile Company against the Texas & Pacific Railway Company, begun in justice court and appealed by defendant to county court. The appeal being there dismissed, defendant appeals. Affirmed.

Jno. B. Howard, of Pecos, for appellant. Chas. Gibbs, of Midland, for appellee.

HARPER, C. J. Appellee filed this suit in justice court, Midland county, against the appellant, Texas & Pacific Railway Company, for the value of $185 of an automobile alleged to have been converted by said railway company. Judgment was rendered for the appellee in the justice court. Notice of appeal was given to the county court. Appeal bond was duly executed and same was presented to the justice of the peace, but was not approved or filed by the justice. Thereafter the papers in the case, including the appeal bond, were transmitted to the county court and filed by the county clerk. Thereupon appellee filed its motion to dismiss the appeal from the justice court upon the ground that the appeal bond did not appear to have been either filed or approved. The motion was sustained and the appeal dismissed, from which action of the county court this appeal is perfected.

[1] Appellant's first assignment is that the court erred in refusing to permit the appellant to substitute a new bond on appeal, wherein a motion had been filed to quash the appeal bond. The bond in this instance is not a defective bond; therefore not such as can be amended or substituted under the statute. Article 2104, Revised Statutes 1911.

[2] The second is that the court erred in dismissing the appeal because the justice of the peace who tried the case failed to indorse his approval and place his file mark upon the appeal bond for the reason that the transcript of the case sent up from the justice court showed that said justice had received his fees for filing and approving said appeal bond, and that his failure to indorse his approval thereon was an oversight upon the part of the officer. First proposition is that an appeal bond from the justice court to the county court, otherwise good, is not void by reason of the failure of the justice of the peace to mark "filed" and "approved" thereon. The question of whether or not the bond is void or valid is not the question presented here. This court nor the county have any authority to pass upon whether the bond which was found among the papers of the case in the custody of the county clerk was sufficient and should have been approved by the justice, but the sole question is: Did the appellant comply with the prerequisites to a right of appeal? Article 2393 provides that the party appealing, his agent or attor-

ney, shall, within ten days from the date of the judgment, file with the justice a bond, with two or more good and sufficient sureties, to be approved by the justice, etc., and the mere fact that the justice entered upon his fee bill a charge for taking appeal bond is not sufficient to establish that the bond was in fact filed within the time prescribed, nor of its approval. There is no charge upon the justice fee bill for approving and filing appeal bond, as asserted by appellant. True the attorney for the appellant testified that he gave the bond to the justice within the ten days, but there is no other evidence of its approval than the entry of a charge for taking the bond. The justice was present and testified that "he did not remember whether or not this appeal bond was given him by appellant's attorney or not, and that he did not know at this time whether he would have approved the same or not as that was a matter of speculation." We think the proper rule in such cases was established by the opinion in Lyell v. Guadaloupe County, 28 Tex. 58, by the following:

"In Burr v. Lewis, 6 Tex. 76, it has been held to be indispensably necessary, in order to confer jurisdiction on this court by appeal, that these two requirements of the statute shall be complied with, and that an appeal is not perfected, and that consequently the jurisdiction of the court does not attach."

So transposed to fit the facts of this case, is the law applicable thereto? The county court had no jurisdiction over the case.

"If no question of jurisdiction were involved, it might well be held," as contended for by appellant here, "that all errors and irregularities committed in taking the appeal had been waived. But consent cannot confer jurisdiction." Lyell v. Guadaloupe County, 28 Tex. 58.

The county court did not err in dismissing the appeal, and its order to that effect must be affirmed.

Affirmed.