GALVESTON, H. & S. A. RY. CO. v. BURRIS. (No. 5673.)

(Court of Civil Appeals of Texas. San Antonio. May 10, 1916.)

1. JUSTICES OF THE PEACE ⊛159(10) — APPEAL BOND—"FILED."

Under Rev. St. 1911, art. 2393, providing that appeal from a justice court shall be deemed perfected when the appeal bond has been filed with the justice, the appeal is perfected when the bond is presented to the justice and he promises to approve and file it, and his mere failure to indorse approval and file it does not affect its validity.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 557–561, 570–572; Dec. Dig. ⊛159(10).

For other definitions, see Words and Phrases, First and Second Series, File.]

2. JUSTICES OF THE PEACE ⊛159(10) — APPEAL BOND—FILING.

Where a justice received and promised to approve and file an appeal bond, the appeal was perfected under Rev. St. 1911, art. 2393, whether the bond was in proper form or not, since the justice could have required one in proper form, and, if he loses the bond, the appeal is nevertheless valid.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 557–561, 570–572; Dec. Dig. ⊛159(10).]

3. JUSTICES OF THE PEACE ⊛159(12) — APPEAL BOND—SUBSTITUTION.

Where the justice lost the original appeal bond filed with him, and a new bond identical with the original was executed, filed with, and approved by him, though not substituted as required by statute, it should have been recognized by the county court in the absence of objection by the appellee, or, if it was defective, appellant should have been allowed to file a new and sufficient bond.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 573–577; Dec. Dig. ⊛159(12).]

Appeal from Wilson County Court; E. D. Mayes, Judge.

Action by S. H. Burris against the Galveston, Harrisburg & San Antonio Railway Company. From an order dismissing the appeal to the county court for want of actual approval and filing by the justice of an appeal bond, defendant appeals. Reversed and remanded.

Baker, Botts, Parker & Garwood, of Houston, P. E. Johnson, of Stockdale, and W. B. Teagarden, of San Antonio, for appellant. King & West, of Floresville, for appellee.

FLY, C. J. Appellee filed suit in the justice's court for $200, and recovered judgment for $200, with interest at 6 per cent. from December 1, 1914. Upon appeal to the county court the cause was dismissed because an appeal bond was not actually approved and filed by the justice of the peace.

It was proved and found by the county judge that within the time required by law a supersedeas bond was sent to the justice of the peace who tried the cause by appellant to be filed and approved by him, and that within the ten days from time of the trial the justice of the peace told counsel for appellant that the bond had been received, was satisfactory, and would be approved, but it was doubtful whether he did approve and file the bond, but he lost it, and as soon as appellant learned of its loss another bond identical in all respects with the original was sent to the justice of the peace, who filed and approved it and sent it to the county court. The bond was ample in every respect. Appellant did not know that the original bond had been lost until the papers from the justice's court had been filed in the county court. The justice of the peace charged in his bill of costs for filing and approving the appeal bond.

[1] The statute provides in regard to appeal bonds in justices' courts:

"When such bond has been filed with the justice the appeal shall be held to be thereby perfected." R. S. Stats. art. 2393.

The statute is to the same effect as amended by Acts 34th Leg. c. 113, which went into effect on June 22, 1915, the day before the bond was presented to the justice of the peace. In every instance the expression is "filed with the justice," and not "filed by him."

There can be no doubt that when a valid appeal bond is presented by a party to the justice of the peace which is satisfactory to him, and which he promises to approve and file, the appeal is perfected. So it was held by the Court of Appeals in Jones v. Orange Wells, 3 Willson, Civ. Cas. Ct. App. §§ 94, 95. It is the duty of the justice of the peace to either approve or reject an appeal bond when presented to him, but the mere failure to indorse an approval on an appeal bond will not destroy it. The approval is a mere clerical act, and a failure to indorse it on the appeal bond does not affect its validity. Burdett v. Marshall, 3 Tex. 24; Insurance Co. v. Wagley, 36 S. W. 997. As said in the cited case of Jones v. Wells:

"When appellants had delivered the bond to the justice, they had done all that the law required them to do to entitle them to the appeal."

[2, 3] In this case there was an approval of the appeal bond, and appellant should not be held responsible for the failure of the justice of the peace to file and write "Approved" on it. If the justice of the peace lost the bond, as he said he did, appellant's interests should not be jeopardized by such conduct on the part of the officer. The bond, if not substituted as directed by the statute, should have been recognized by the county judge in the absence of any attack upon it by appellee, and, if it was in any manner defective, appellant should have been permitted to file another bond. The bond is identical with the original, and should be recognized by the court, or appellant allowed to file another bond. Even if the appeal bond was not prepared as the law directs, it perfected the appeal, and the court could have compelled the execution of a bond that did comply with the statute. It has been held that defects in amount and number of sureties may be cured by filing a new bond. Turner King v. Hopkins, 42 Tex. 48; Nones v. McGregor, 35 S. W. 1083.

Whatever the justice of the peace may have sworn as to his dissatisfaction with the bond, because signed by only one surety, there was evidence conflicting with his statement, and the court found that the justice of the peace told the attorney of appellant that the "bond was satisfactory and would be approved." The court also found that a bond in another case identical with the one in this case was sent to the justice of the peace at the same time, and was approved by him. The court also found that the bond was sufficient. He also found:

"That, had said appeal bond been properly filed and approved by said justice of the peace, defendant, under the facts and circumstances, would in this court have been entitled to substitute said bond and amend it by adding another surety thereon, or at its option to substitute a new bond for the lost bond so as to secure to defendant the right of trial in this court de novo."

We have been greatly impressed with the fairness with which all the facts were found by the county judge; the only error being in not finding that the acts of the justice of the peace, to all intents and purposes, amounted to an approval and a filing of the appeal bond.

The judgment is reversed, and the cause remanded.