DUPREE v. MASSEY et al.   (No. 1743.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 8, 1917.)

**1. PLEADING ⬥�longdash111—PLEA TO JURISDICTION —ALLEGATIONS OF PETITION.**

In an action for damages for the conversion of property taken under a distress warrant of a justice court in which the defendant entered a plea to the jurisdiction of the court to hear and determine the suit on the ground that the former action was still pending on appeal, in determining the question as to its jurisdiction, trial court should have treated the allegations of the petition as true.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 234–236.]

**2. JUSTICES OF THE PEACE ⬥�longdash159(1)—APPEAL BOND—NECESSITY.**

If appellant did not file an appeal bond or affidavit in lieu thereof as required by law, to take an appeal from a justice court to the county court, the county court acquired no jurisdiction of the cause.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 550.]

**3. SHERIFFS AND CONSTABLES ⬥⟻98(3)—DISTRAINT—APPEAL—FAILURE TO GIVE BOND— RETURN OF PROPERTY.**

Where the county court did not acquire jurisdiction of an appeal from justice court because an appeal bond was not filed, property distrained should have been delivered to the owner thereof, and its detention by the constable was unlawful.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. §§ 143, 144, 146–157.]

**4. SHERIFFS AND CONSTABLES ⬥⟻98(3)—DISTRAINT—DISPOSITION OF PROPERTY.**

Where the county court did not acquire jurisdiction of an appeal from a justice court, failure of the constable to return the property distrained in the suit to the owner was not excused by an order of the county court directing

the sale of the property as perishable, since, as the county court acquired no jurisdiction in the cause, its act ordering the sale of the property was void.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. §§ 143, 144, 146–157.]

5. SHERIFFS AND CONSTABLES ☞99—LIABILITY OF CONSTABLE — DETENTION OF PROPERTY.

Where the county court failed to acquire jurisdiction of an appeal from the justice court, and the constable turned over distrained property to the plaintiff and appellant in that suit, both the constable and such plaintiff were guilty of a conversion and liable to the owner of the property for damages.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. §§ 137–139, 141.]

6. LANDLORD AND TENANT ☞273(1)—BOND—SALE OF DISTRAINED PROPERTY AS PERISHABLE—LIABILITY OF SURETY.

Where the condition of a bond filed to procure an order directing a sale of distrained property as perishable was that the principal and surety would pay the damages sustained if the sale was illegally and unjustly applied for, or illegally or unjustly made, no right of action against the sureties for conversion of the property by the principal arose without a sale, although the order for the sale of the property was illegally and unjustly applied for.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1149, 1150.]

Appeal from District Court, Franklin County; H. F. O'Neal, Judge.

Action by C. C. Dupree against S. N. Massey and others. From judgment of dismissal, plaintiff appeals. Reversed and remanded for new trial on the merits.

See, also, 180 S. W. 668.

Appellant was plaintiff and appellees, S. N. Massey, J. W. Hazlewood, L. W. Barron, and M. A. Bolin, were defendants in the court below. In his petition appellant alleged that Hazlewood was the constable of precinct No. 3 in Franklin county on November 13, 1914, when Massey sued him (appellant) in the justice court for that precinct to recover $86.21, which Massey claimed appellant owed him for supplies furnished him during 1914 to enable him to make a crop on land he rented of Massey for that year; that Massey at the time he commenced his suit procured the issuance by the justice of the peace of a distress warrant and had Hazlewood to levy same on certain property belonging to appellant; that by his pleadings in answer to the suit appellant claimed he was not indebted to Massey, but that the latter instead was indebted to him; that the trial in said justice court resulted in a judgment in appellant's favor against Massey for $1.87 as the sum Massey owed him and $10 as damages he was entitled to recover of Massey; that Massey gave notice of an appeal from said judgment to the county court, and had a transcript of the record sent to the latter court, where it was filed, but did not make and file an appeal bond, or affidavit in lieu thereof, and that the county court therefore did not acquire jurisdiction of the

cause; that Hazlewood and Massey entered into a conspiracy to convert to their own use the property levied upon by virtue of the distress warrant in Hazlewood's possession as constable at the time said judgment in appellant's favor was rendered; that Massey thereupon, by means of an affidavit and bond in the sum of $161.70, with Barron and Bolin as sureties, and made an exhibit to the petition filed in said county court, procured an order from said county court directing Hazlewood to sell as perishable the property so levied upon and in his possession; that Hazlewood then turned over the property to Massey, and that they together converted same to their own use; that in doing so they acted maliciously and without probable cause; that the property so levied upon and converted was exempt to appellant as the head of a family; and that he had suffered because of their wrongful acts actual damages as specified in the sum of $500, and exemplary damages in the sum of $500, for which he prayed judgment. He also prayed judgment against Barron and Bolin, the sureties on the bond filed to procure the order directing the sale of the property as perishable, for the amount of same. After sustaining a plea to the jurisdiction of the court to hear and determine the cause and exceptions to the petition filed by appellees, the court dismissed the cause from his docket. The appeal is from the judgment of dismissal.

H. L. Wilkinson, of Winnsboro, for appellant. S. M. Long and L. W. Davidson, both of Mt. Vernon, for appellees.

WILLSON, C. J. (after stating the facts as above). [1-5] The exceptions sustained by the trial court to appellant's petition, like the plea sustained by him, questioned the power of that court to hear and determine the suit, on the ground that the action commenced by Massey against appellant November 13, 1914, in the justice court, was pending undisposed of on an appeal taken by the former to the county court. According to allegations in the petition, which the trial court in determining the question as to its jurisdiction should have treated as true, the suit commenced by Massey in the justice court was not pending in the county court on appeal, but had been finally disposed of by the judgment rendered in the justice court. If, as alleged in the petition, Massey did not file an appeal bond, or affidavit in lieu thereof, as required by law, the county court never acquired jurisdiction of the cause. Dupree v. Massey, 180 S. W. 668. As it did not, the detention thereafterwards by Hazlewood, as constable, of property belonging to appellant distrained in that suit, was unlawful. The property, instead, should have been delivered by Hazlewood to appellant, to the owner thereof. Hamilton v. Kilpatrick, 29

S. W. 819. Hazlewood's failure to do this was not excused by the order of the county court, procured by Massey, directing a sale of the property as perishable; for, the county court not having acquired jurisdiction of the cause, its act in ordering the sale of the property was void. Carter v. Wyrick, 98 S. W. 645. It followed that if, as alleged in the petition, Hazlewood turned over the property to Massey, he and Massey both were guilty of a conversion thereof and were liable to appellant for damages.

[6] A question as to the sufficiency of the allegations in the petition to show appellant to be entitled to recover on the bond filed by Massey to procure the order directing a sale of the distrained property as perishable was not directly made by the exceptions to the petition; but, as the cause is to be remanded, we think it proper to say they were insufficient. The condition of the bond was that Massey and the sureties would pay appellee the damages he sustained, if the sale ordered was "illegally and unjustly applied for, or illegally or unjustly made." It did not appear from the allegations that the property was sold under the order, and it did not appear therefrom that appellant was or could have been damaged by reason of the fact merely that an order for the sale of the property was "illegally and unjustly applied for."

The judgment is reversed, and the cause is remanded for trial on its merits in the court below.