PIQUERO & SMITH v. CARLIN.  (No. 922.)

(Court of Civil Appeals of Texas. El Paso. Feb. 6, 1919. Rehearing Denied Feb. 20, 1919.)

1. JUSTICES OF THE PEACE ⬳159(1)—APPEAL AND ERROR—BOND ON APPEAL—NECESSITY.

In view of Vernon's Sayles' Ann. Civ. St. 1914, arts. 2393, 2395, relating to appeals from a justice's judgment, and of Const. art. 5, § 19, authorizing such appeals, the appeal will not be perfected so as to confer jurisdiction on the appellate court until a sufficient bond or affidavit in lieu thereof be given.

2. JUSTICES OF THE PEACE ⬳155(3) — APPEALS—FILING TRANSCRIPT—TIME FOR FILING.

Where the transcript on appeal from justice's court has not been filed within the prescribed time, the appeal has not been perfected, and, if the delay is not explained or excused, the case will be dismissed on motion seasonably made.

3. JUSTICES OF THE PEACE ⬳159(12) — APPEAL AND ERROR—BOND ON APPEAL—SUBSTITUTE BONDS.

On appeal from a justice's judgment where a bond was not filed within the time required by Vernon's Sayles' Ann. Civ. St. 1914, art. 2397, but upon motion to dismiss a substitute bond to replace an alleged lost original bond was filed, such bond was not sufficient to confer jurisdiction of appeal, where it did not appear that the justice had approved the origi-

nal bond nor that the substitute bond was identical therewith.

Appeal from El Paso County Court, at Law; W. P. Brady, Judge.

Action by P. H. Carlin against Piquero & Smith. Judgment for defendant was rendered in the justice's court, and from a judgment for plaintiff on his appeal to the county court defendant appeals. Remanded, with instructions.

C. A. Kinkel, of El Paso, for appellant.

M. Scarborough and P. E. Gardner, both of El Paso, for appellee.

WALTHALL, J. This case was brought, originally, by appellee against appellants in the justice court, on April 28, 1916, to recover a carload of bones of the agreed value of $198; the property being sequestrated by appellee. The case was tried on the 18th day of January, 1917, resulting in a judgment against appellee and his bondsmen in sequestration and in favor of appellants in the sum of $198, with interest and costs of suit. Appellee duly gave notice of appeal to the county court and filed some kind of a bond within 10 days. On the 4th day of December, 1917, being the fifth term of the county court after the rendition of the judgment in the justice court, there were filed in the county court of the original papers, the citation, writ, affidavit, and bond in sequestration, but no appeal bond, copy of the judgment, or transcript from the justice court.

On the 16th day of January, 1918, appellants filed their first motion in the county court to dismiss the appeal, on the ground of failure to send up transcript, or copy of judgment, or appeal bond. The motion was overruled, and appellants excepted. At the March term of the county court, 1918, neither transcript nor appeal bond having been sent up from the justice court, appellants filed their second motion to dismiss the appeal on the ground that no appeal bond, transcript, or copy of the judgment from the justice court having been sent up in the time and manner prescribed by law, the county court was without jurisdiction. On the day following the filing of the second motion to dismiss and before motion heard, appellee had the transcript filed, including the judgment, and an appeal bond dated and marked filed and approved, by the justice of the peace, of date March 8, 1918, with the notation:

"This bond is filed in lieu of the one which was lost, the original bond being filed January 25, 1918"—and signed by the justice.

The said second motion to dismiss was thereafter at that term heard and overruled, and appellants excepted. At the May term of the county court, the case was tried without the aid of a jury and judgment rendered for appellee.

Appellants urge as the two grounds of error the overruling of their two motions to dismiss appellee's appeal from the justice court to the county court. It is insisted that the duty to send up the transcript and appeal bond rests upon the party appealing and the justice of the peace, and that the failure to have the transcript and appeal bond filed in the county court within the time prescribed by article 2397, Vernon's Sayles', deprived the county court of jurisdiction over the case. In the second assignment, the appellants stress the point that the appeal bond sent up in lieu of the first bond lost was not filed as a substituted bond in place of the lost one.

[1, 2] The record clearly shows that the provisions of the statute prescribing rules for perfecting an appeal from the justice to the county court were not complied with. The Constitution gives the right of appeal from judgments of justice courts only "under such regulations as may be prescribed by law." Const. art. 5, § 19. Judgment was rendered against appellee, plaintiff in the justice court, and his bondsmen in sequestration, in the sum of $198, thus necessitating the giving of an appeal bond within 10 days from the date of the judgment. The bond must have at least two good and sufficient sureties, must be filed with and approved by the justice, must be in double the amount of the judgment, made payable to the appellee (defendants below, appellants here), and conditioned as required by the statute. When such bond has been filed with the justice, the appeal shall be held to be thereby perfected. Vernon's Sayles', arts. 2393 and 2395. Where a bond is required to confer jurisdiction, it must affirmatively appear from the record that such bond was given, or an affidavit filed in lieu thereof. Pace v. Webb, 79 Tex. 314, 15 S. W. 269; Harris v. Robinson & Martin, 109 S. W. 400. The statute provides that, when the appeal has been thus perfected, it is the duty of the justice to transmit correct copies of all entries made on his docket and the original papers to the clerk of the county court by, at least, the second term of the court. Mr. Justice Reese, in Cariker v. Dill, 140 S. W. 843, in commenting upon the provisions of the statute subsequent to the giving of the bond, said that it was clearly the duty of the person prosecuting such appeal to see that this is done. While some of the courts have suggested that a failure to have filed in the county court within the prescribed time a proper transcript from the justice court is an irregularity merely (Ry. v. Conerty [Tex. App.] 15 S. W. 504; King v. Lacy [Tex. App.] 17 S. W. 143), yet all of the cases we have examined hold that, where the transcript provided for has not been filed within the prescribed time,

the appeal has not been perfected, and if such delay is not explained, nor excused, the case should be dismissed on motion seasonably made.

[3] Appellee insists, however, the record shows the filing of a proper appeal bond in the justice court within the required time. After the second motion to dismiss the appeal for want of an appeal bond and transcript, and after more than a year had elapsed since the rendition of the judgment, the justice approved the appeal bond filed with the notation that the bond then approved and sent up was in lieu of the one lost. There is not even a suggestion in the statement of the justice or otherwise as to the lost bond, whether it conformed to the requirements of article 2393, Vernon's Sayles', nor whether the bond had been approved by the justice. The record does not show the bond filed to be a substituted bond; nor does it appear that the bond filed was identical with the bond lost. When a valid appeal bond is presented to a justice of the peace by a party desiring to appeal, which bond is satisfactory to the justice, and he gives assurance to the party presenting same of its acceptance and that he will file same, the appeal is thereby perfected. Jones v. Orange Wells, 3 Willson, Civ. Cas. Ct. App. §§ 94 and 95; Burdett v. Marshall, 3 Tex. 24; Insurance Co. v. Wagley, 36 S. W. 997. We think that, had it appeared that the lost bond had been approved by the justice of the peace, and that the bond filed in the county court was identical with the lost bond, so as to know its terms as the obligation required to be given, though not substituted under the statute, and had the bond filed in lieu of the lost bond been sent up to the county court within any reasonable time and a reasonable showing made why the bond and transcript were not sooner sent up, it should have been recognized by the county judge in the absence of any attack upon it, and, if found defective, the party appealing should have been permitted to file another bond. Galveston, H. & S. A. Ry. Co. v. Burris, 186 S. W. 381, and cases cited. It seems to us that, in the absence of any of the facts that could be considered at all persuasive of a perfected appeal, and with appellants attacking the record as filed in the county court even to the second motion, it should be held that, if Carlin ever had a notion of appealing from the judgment of the justice court, he abandoned it, and that by reason of the facts shown in the record jurisdiction had never attached in the county court.

Appellee cites and stresses Patty v. Miller, 5 Tex. Civ. App. 308, 24 S. W. 330, as being in point and most cited, and as sustaining his contention. In that case, the required appeal bond was given in due time; but the transcript, though prepared, was not filed as required. In that case, after the appeal had been dismissed, it was reinstated upon appellant's motion and affidavit that he had filed a proper appeal bond and made request to the justice of the peace to file the transcript in the court to which the appeal was taken, but that, for reason stated, the justice had refused to do so. After the case had been reinstated, it was thereafter on motion of appellee dismissed, because the transcript had not been filed within the time required.

The Fourth Court of Appeals held the dismissal error, as jurisdiction attached by the filing of a proper appeal bond, and that appellant ought not to be deprived of his appeal through the default of the officer. It will be seen that in that case, not only had a sufficient appeal bond been duly filed and approved, but the party appealing had requested the justice to prepare and transmit the transcript. The justice had prepared the transcript, but a controversy arose as to payment of cost resulting in the delay of sending the original papers and transcript to the upper court. We think there is enough difference between the facts in that case and this to destroy the analogy. After reviewing many cases not altogether harmonious as to what is essential to perfect an appeal, we have concluded that the record shows such condition of facts as to justify a holding that the appeal should have been dismissed.

For reasons stated, the case is remanded, with instruction to the county court at law that the case be dismissed.