BROWN v. MATASKA. (No. 10669.)

(Court of Civil Appeals of Texas. Fort Worth. May 3, 1924.)

**1. Justices of the peace ⬗159(1)—No appeal taken unless bond filed with justice.**

County court acquired no jurisdiction over an appeal from justice court, where appeal bond was not filed or approved as provided by Vernon's Ann. Civ. St. Supp. 1918, art. 2393.

**2. Justices of the peace ⬗202(3)—Certiorari bond cannot be amended.**

Certiorari bond in county court to review judgment of justice court must be treated as a nullity, where it appears to be an amended bond, in view of Rev. St. art. 755.

**3. Justices of the peace ⬗202(3)—Certiorari must be dismissed where proper bond does not appear in record.**

Certiorari in county court to review proceeding in justice court must be dismissed where there is no valid bond filed, under Rev. St. arts. 747, 756.

Appeal from Clay County Court; J. F. Vaden, Judge.

Action by B. B. Brown against Chas. Mataska. Judgment for defendant, and plaintiff appeals. Reversed and remanded, with instructions.

Cedric O. Taylor, of Wichita Falls, and H. M. Muse, of Henrietta, for appellant.

Frank Holáday, of Henrietta, and Fitzgerald & Hatchitt, of Wichita Falls, for appellee.

DUNKLIN, J. B. B. Brown recovered a judgment in the justice court against Chas. Mataska for $105 as damages for the alleged destruction of plaintiff's crops by defendant's stock that broke into plaintiff's field where the crops were growing. The date of that judgment was September 26, 1921. On October 19, 1921, the defendant presented to the county judge a petition for certiorari to bring up the case from the justice court to the county court. The county judge on that date indorsed on the application the following:

"The within petition having been presented to me in open court, and having been read and fully understood, it is ordered that a writ of certiorari do issue according to law and pursuant to the prayer of the petition, upon the execution of a bond by the petitioner in the sum of one hundred and five ($105.00) dollars. R. Loftin, Judge of the County Court of Clay Co., Tex."

The petition with the order indorsed thereon was filed with the county clerk October 10, 1921. On January 6, 1923, plaintiff Brown filed a motion to dismiss the defendant's application for certiorari for several reasons, including the following: (1) That the order for the writ of certiorari was never entered upon the minutes of the court; (2) that no writ of certiorari was ever served upon the justice of the peace trying the case; (3) that no bond for certiorari had ever been filed in the county court as provided by law; (4) that eight terms of the county court having passed since the granting of the application for the writ, it was now too late for the order for the writ of certiorari to be complied with.

The defendant filed a reply to that motion on February 24, 1923, in which it was alleged: (1) That the county judge who granted the writ prepared and signed an order to be entered of record on the minutes of the court at the October term, 1923, but that the clerk of the court failed to record the same; (2) that the failure to enter such order and the failure to issue and serve the writ upon the justice of the peace was immaterial, since the officer complied with the order for the writ of certiorari by making out a proper transcript from his docket and transmitting the same, together with the papers, to the county court as required by law and within the statutory period; (3) that the certiorari bond which was required by the county judge in his order was in fact filed

---

⬗For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

with the clerk of the county court, but through oversight he failed to indorse his file mark thereon; and that the said clerk, also through oversight, failed to indorse his file mark on the papers transmitted to him by the justice of the peace; (5) that the defendant gave notice of appeal from the justice court on the day the judgment was rendered against him by that court and at the same time executed an appeal bond in the sum of $210, in terms of the statute.

The defendant also alleged that the reason why the justice of the peace and the county clerk did not act more promptly in filing the papers and in the transmission of the papers from the justice court was that counsel for plaintiff had kept the papers in his possession during most of the time, and on account of which said officers were unable sooner to carry out the orders of the county court. The defendant prayed leave of the court to file an amended appeal bond so as to make the amount thereof $250 instead of $210, which latter sum he alleged to be the amount of the original appeal bond filed in the justice court. Defendant also prayed for leave to file an amended certiorari bond so that the amount thereof would be in the sum of $250 instead of the sum of $105, which latter sum was alleged to have been the amount of the original certiorari bond, filed by him; said amended bonds to be filed nunc pro tunc. Defendant also prayed for a nunc pro tunc order granting the application for the writ of certiorari and for a further order directing the clerk of the county court to file all the papers from the justice court nunc pro tunc. That motion was heard by Hon. J. F. Vaden, county judge, who had succeeded in office Hon. R. Loftin, the former county judge to whom the application for certiorari was presented.

At the conclusion of the hearing, the following order was made:

"On this the 24th day of February, A. D. 1923, came on to be heard defendant's application to have the appeal bond in this cause that was executed on the 26th day of September, A. D. 1921, filed nunc pro tunc as of date September 26, 1921; and order granting application for writ of certiorari filed as of date October 10, 1921, nunc pro tunc; and the bond for writ of certiorari filed as of date October 10, 1921, nunc pro tunc; and the transcript in this cause from the justice court to be filed in this court as of date December 3, 1921, nunc pro tunc, and also to amend appeal bonds.

"And the court, after hearing the evidence, and it appearing from the evidence that said papers were duly executed on the dates and days whereof they should be filed, and were not filed on these dates because they were in the possession of counsel for plaintiff, and were not accessible to the clerk; and it further appearing that the defendant was not negligent in the perfecting of his appeal, it is therefore ordered, adjudged, and decreed that all of said papers above named be filed nunc pro tunc as of the dates prayed for, and that said appeal

be in all things properly and legally perfected to this court, and the clerk hereby authorized to file said papers as of the dates specified, in order that justice may be done, and it is so ordered."

The court then proceeded to try the case on its merits and to render a judgment denying plaintiff any recovery against the defendant upon the cause of action asserted in the justice court. Plaintiff has appealed.

The following agreement, signed by counsel for both parties and approved by the county judge, appears in the record:

"It is hereby agreed, by and between the attorneys for the plaintiff and the defendant hereto, with the approval of the judge, that the verdict of the jury and the judgment of the court was supported by the evidence in this said cause if the defendant was properly in the county court, the sole contention of plaintiff being that the county court of Clay county, Tex., had no jurisdiction to hear and determine the cause of action as will be shown by bill of exception No. 1."

The assignments of error relied on by appellant for reversal present the contention that the trial court had no jurisdiction to hear and determine the cause on its merits, in that defendant did not perfect his appeal from the justice court, and that as shown by undisputed evidence no bond for certiorari as required by statute was filed within the statutory period.

We find in the record what purports to be a transcript from the justice court with the name of Clay Coleman, justice of the peace, signed thereto, dated December 3, 1921, with the file mark indorsed thereon of the same date and signed officially by O. T. Liles, clerk of the county court. There is also in the record what purports to be an appeal bond from the judgment in the justice court in the sum of $225 with the names C. H. Mataska, John L. Fecher, W. F. Bernhardt, and Frank Holiday signed thereto. Following those signatures is this:

"Approved this 26th day of September, 1921. ———, Justices of the Peace, Precinct No. 1, Clay County, Texas."

Indorsed thereon is the following:

"Filed 26th day of September, 1921. Justice of the Peace, Precinct No. 1, Clay County, Texas. Filed 26th day of Sept. 1921, nunc pro tunc. O. T. Liles, Clerk County Court, Clay County, Texas."

Also what purports to be a certiorari bond in the sum of $250 in statutory form, dated October 10, 1921, with the name of the defendant and two others signed thereto. Following those signatures is the following: "Approved, R. Loftin, Judge," indorsed, "filed as of date Oct. 10, 1921, nunc pro tunc." The transcript shows that all of those papers were filed nunc pro tunc. It thus appears that none of those documents was filed until

after the trial judge overruled plaintiff's motion to dismiss the case, at which time he ordered those papers to be filed nunc pro tunc.

In volume 2, p. 1870, V. S. Tex. Civ. Statutes, several decisions are cited which hold, in effect, that if an appeal bond has been filed by a justice of the peace his approval of it would be presumed from such filing, in the absence of his certificate of approval. Also, that upon appeal to the county court the justice of the peace will be permitted to indorse his approval of the bond nunc pro tunc as of the proper date, if in fact he has accepted the same as a sufficient bond, and that it is only where there is neither filing nor approval that the bond will be held invalid.

In volume 1, V. Tex. Civ. Statutes, 1918 Supp., appears article 2393 as amended in 1915. By the provisions of that article, a party against whom a judgment has been rendered in the justice court, in order to perfect his appeal, is required to file a bond "with the justice" with two or more good and sufficient sureties "to be approved by the justice in double the amount of the judgment." The article contains this further provision:

"When such bond has been filed with the justice, the appeal shall be held to be thereby perfected. * * *"

In T. & P. Ry. Co. v. Midland Mercantile Co. (Tex. Civ. App.) 181 S. W. 270, it was held that the county court acquired no jurisdiction over an appeal from the justice court where the appeal bond did not appear to have been filed or approved as provided by that article.

The case of Dupree v. Massey (Tex. Civ. App.) 192 S. W. 790, is to the same effect. In G., H. & S. A. Ry. v. Burris (Tex. Civ. App.) 186 S. W. 381, it was held that an appeal from a judgment in the justice court is perfected when the appeal bond is presented to the justice and he promises to approve and file it, even though he thereafter fails to mark it filed and also fails to endorse his approval thereon.

In Fruit Dispatch Co. v. Independent Fruit Co. (Tex. Civ. App.) 198 S. W. 594, it was held that the county court did not acquire jurisdiction of an appeal from a justice court where the appeal bond was not filed in the justice court until 16 days after the date of the judgment.

The following are articles (Rev. St.) which pertain to a proceeding to remove a cause to the county court from the justice court by writ of certiorari:

"Art. 747. Such writ shall not be granted after ninety days from the final judgment of the justice of the peace.

"Art. 748. The writ shall not be issued unless the party applying therefor shall first cause to be filed a bond with two or more good and sufficient sureties, to be approved by the clerk, payable to the adverse party, in such sum as the judge shall direct, to the effect that the party applying therefor will perform the judgment of the county or district court, if the same shall be against him.

"Art. 749. The bond and affidavit, with the order of the judge, when made in vacation, shall be filed with the clerk of the court to which the same is returnable.

"Art. 750. As soon as such affidavit, order of the judge and bond shall have been filed, the clerk shall issue a writ of certiorari, as directed in article 744.

"Art. 751. Upon service of such writ of certiorari being made upon the justice of the peace, he shall stay further proceedings on the judgment and forthwith comply with said writ; but if there be not time for the transcript and papers to be filed at such first term, then they shall be so filed at the next succeeding term of said court.

"Art. 752. Whenever a writ of certiorari has been issued, the clerk shall forthwith issue a citation, as in ordinary cases, for the party adversely interested.

"Art. 753. The action shall be docketed in the name of the original plaintiff, as plaintiff, and of the original defendant, as defendant.

"Art. 754. At the first term of the court to which the certiorari is returnable, the adverse party may move to dismiss the certiorari for want of sufficient cause appearing in the affidavit, or for want of sufficient bond.

"Art. 755. No amendment of the affidavit or bond shall be made in the county or district court, nor shall a new affidavit or bond be filed.

"Art. 756. If the certiorari be dismissed, the judgment shall direct the justice of the peace to proceed with the execution of the judgment below."

The record does not specifically show whether the trial judge held that he had jurisdiction because the appeal from the justice court had been perfected, or because he had acquired jurisdiction under the certiorari proceedings. From recitals in the order copied above, apparently he held that he had jurisdiction both by appeal and by certiorari.

The bill of exception referred to in the agreed statement of facts embodies plaintiff's motion to dismiss as well as the answer of the defendant thereto. After setting out those pleadings, the bill contains a recital that the motion and answer were read to the court and evidence was heard. But the only evidence recited in the bill consisted of the testimony of Clay Coleman, justice of the peace, before whom the cause was originally tried, and the testimony of O. T. Liles, clerk of the county court at the time the application for the writ of certiorari was filed and still holds that office. Following is the full testimony of the justice of the peace:

"I am justice of the peace of precinct No. 1, Clay county, Tex., and was in such office on September 26, 1921, when judgment was rendered in cause No. 3075 in my court wherein B. B. Brown was plaintiff, and Chas. Mataska was defendant. I do not know whether execution was served by the sheriff or not, but I

gave him the execution to serve. The appeal bond was not filed by the defendant in this cause at all. The defendant gave notice of appeal, but did not perfect it, and no bond has been filed with me at this time. I have never been served with a writ of certiorari in this cause. The county clerk at one time asked me, as I remember it, if I wanted to send up the papers without the service of the writ, and I told him I would do so if he was going to issue the writ. I never did take up the papers, and at that time I did not know that the bond for certiorari had never been filed. I have since learned that it was not filed. Several terms of court have passed since this judgment was rendered in my court, at least 12. The defendant's attorney nor no one else ever requested me to do anything with reference to this matter except the clerk about which I have already spoken. This cause was tried before a jury. It resulted in a verdict of $105 for the plaintiff. I know that no bond was ever filed with me and has never been filed with me in this case."

Following is the full testimony of the county clerk:

"I was county clerk of Clay county, Tex., on September 26, 1921. I was still county clerk when the application for certiorari in the case of Brown v. Mataska was filed in the county court. My file mark appears upon the application for writ of certiorari. I filed this instrument on the day that this was heard in the county court, being the 10th day of October, 1921. Mr. Holaday, attorney for the defendant, had this application filed. I did not file the certiorari bond in this case. I have no recollection of it being handed to me or of my having been requested to file the same. I would not say that it was or was not handed to me. It certainly is my custom to place my file mark upon any instrument handed to me to be filed at the time of its being given to me. I am confident that this bond was never handed to me to be filed. At that time there was a great deal of business. The attorneys had a great way of rushing in, have the judge hear causes, make orders and approve bonds and not tell me anything about it. I would not approve it as a bond guaranteeing the judgment if the case went against the defendant. I did not approve it. It is no more than a cost bond. The amount was fixed by Judge Loftin, the acting county judge at that time. At least seven terms of court have passed since the hearing of this application. I have never issued a writ of certiorari in this cause."

After setting out that testimony, the bill contains the following:

"And the court, having heard all of said motions and answers read and after having heard the evidence in support of said motions and answers, was of the opinion that said motions to dismiss the certiorari should be in all things overruled; that the law and facts were against said motion, and the court then and there overruled the same. * * * *"

The bill of exceptions was then indorsed, approved, and ordered filed.

It thus appears that no evidence was introduced to support defendant's allegation that an appeal bond was ever filed with the justice of the peace, and the testimony of the justice to the contrary was uncontradicted.

[1-3] It further appears from the testimony of the county clerk that no certiorari bond was ever filed with him at any time, although seven terms of his court had passed since the application for certiorari was filed; and no proof was offered to contradict his testimony. Nor was there any proof offered by defendant to show when the transcript from the justice court and the papers in the case were deposited with the clerk of the county court for filing, nor was there any evidence offered to support the allegations of defendant to the effect that the failure of the justice of the peace and the county clerk to act more promptly was due to the fact that counsel for plaintiff had the papers in the case in his possession. It is to be observed further that according to the allegations in the defendant's answer the appeal bond, which he alleges he filed with the justice of the peace, was for $210, and he asked that he be allowed to amend the same by substituting a new bond in the sum of $250. The appeal bond appeared in the record which was ordered filed nunc pro tunc for $225, and nowhere in the record does the alleged original appeal bond appear.

It is to be noted further that in the answer defendant asserts that the original certiorari bond given by him was for $105, and he prayed for an order allowing him to file another certiorari bond in the sum of $250, and a certiorari bond in that amount which was ordered to be filed nunc pro tunc appears in the record, but the original certiorari bond does not appear. Hence the certiorari bond appearing in the record, being an amended bond, must, at all events, be treated as a nullity, since by statute the bond for certiorari cannot be amended.

The court erred in refusing to dismiss the certiorari, and since it does not appear that the appeal from the justice court was perfected, the trial court had no jurisdiction to determine the merits of the case.

Accordingly, the judgment of the trial court denying plaintiff a recovery against the defendant on the merits is reversed, and the same is here set aside and annulled, and the cause is remanded to the trial court with instructions to dismiss the certiorari and enter an order directed to the justice of the peace commanding him to proceed with the execution of the judgment rendered in the justice court in plaintiff's favor against the defendant.