J. M. OSBORNE ET AL. V. THE STATE.

No. 8512. Delivered June 10, 1925.

1.—Motion to Reinstate Appeal—Denied.

After the expiration of the time allowed, appellants present a motion to reinstate their appeal. Affidavits by which it is sought to excuse the delay in filing the motion have been examined, and are not found sufficient.

**2.—Same—Appeal Bond—Filed Too Late—Cannot be Perfected.**

Where the appeal bond is not filed within time in the court below, and is defective, such defects cannot be corrected in' this court. Following Harvey v. Cumming's, 62 Texas, 186 and other cases cited.

Appeal from the District Court of Stephens County. Tried below before the Hon. C. O. Hamlin, Judge.

Appeal from a judgment upon a forfeiture of a bail bond.

*T. B. Ridgell,* for appellants.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

### ON MOTION FOR REHEARING.

HAWKINS, Judge.—After expiration of the time allowed, appellants present a motion to reinstate their appeal, in connection with which they exhibit what purports to be a new appeal bond in lieu of the one held to be defective. Attached to the motion are affidavits by which it is sought to excuse the delay in filing the motion. We have examined them and in our opinion the matters therein stated do not furnish sufficient reasons to excuse such delay.

The State calls attention to the fact that the original bond was filed too late, and that under such circumstances, even if not defective, it would have been insufficient to perfect an appeal, and therefore this is not a case where the appeal can later be perfected by filing a new bond. The trial court adjourned on the 27th day of October. The appeal bond should have been filed within twenty days after adjournment. (Art. 2084, R. C. S.) It was not filed until the 17th day of November, being one day too late. There seems to be force in the State's contention. Harvey v. Cummings, 62 Texas Rep. 186; T. & P. Ry. Co. v. Midland Mercantile Co., 181 S. W. Rep. 270. However, we mention, this only in passing, as the motion to reinstate may be disposed of upon the first ground stated.

The motion is overruled.

*Overruled.*