## HOUSTON & T. C. RY. CO. v. BOUNDS.
### (No. 262.)

(Court of Civil Appeals of Texas. Waco. Oct. 15, 1925. Rehearing Denied Nov. 19, 1925.)

**1. Appeal and error ⬥493—Jurisdiction of trial court must affirmatively appear from transcript.**

To warrant consideration of cause on appeal, jurisdiction of trial court must affirmatively appear from the transcript.

**2. Justices of the peace ⬥159(10)—Appeal bond must be filed with and approved by justice to confer jurisdiction on county court.**

On an appeal from justice's court, where bond is required, in order that county court acquire jurisdiction, appellant must file with the justice within 10 days of judgment a bond to be approved by him, in view of Vernon's Ann. Civ. St. Supp. 1918, art. 2393.

**3. Appeal and error ⬥1091(3)—County court not presumed to have jurisdiction of appeal from justice's court.**

An appellate court cannot presume that county court had jurisdiction of an appeal from justice's court.

**4. Appeal and error ⬥719(11)—Jurisdictional defects must be noticed without assignment of error.**

Failure of transcript to show bond on appeal from justice's court was filed with justice or approved by him, being jurisdictional defect, is fundamental in nature, and must be noticed by appellate court without assignment complaining of defect.

**5. Justices of the peace ⬥159(10)—County court held not to have jurisdiction, in absence of filing and approving of bond by justice.**

On appeal from justice court requiring appeal bond, county court *held* not to have jurisdiction where bond, though regular in form, signed by requisite number of sureties, and filed in county court, was not filed in justice's court or approved by justice.

---

Appeal from Freestone County Court; J. F. Roper, Judge.

Action by M. S. Bounds against the Houston & Texas Central Railway Company. After judgment for plaintiff in justice's court, the case was transferred to county court. From a judgment for plaintiff, defendant appeals. Reversed and remanded, with directions.

C. S. & J. E. Bradley, of Groesbeck, and Baker, Botts, Parker & Garwood, of Houston, for appellant.

James Spiller, of Wortham, for appellee.

STANFORD, J. This case originated in the justice's court, where appellee recovered a judgment against appellant for $150. The case was transferred to the county court, where it was again tried, resulting in a judgment in favor of appellee against appellant for $154.09, from which judgment appellant duly perfected its appeal to this court, and presents the case here for reversal upon 12 assignments of error. Appellee has filed no brief.

[1-5] As we view this case, we are not at liberty to consider any of appellant's assignments. It is well settled in this state that the jurisdiction of the trial court to hear the cause must affirmatively appear from the transcript on appeal. Ware v. Clark, 58 Tex. Civ. App. 356, 125 S. W. 618, and cases cited. It is also well settled in this state that, in order for the county court to acquire jurisdiction of a case appealed from a justice's court, in cases where an appeal bond is required, the party appealing shall within ten days from the date of the judgment file with the justice a bond, to be approved by said justice of the peace. Article 2393, Vernon's Ann. Civ. St. Supp. 1918; Brown v. Mataska (Tex. Civ. App.) 262 S. W. 932; Piquero & Smith v. Carlin (Tex. Civ. App.) 208 S. W. 956. And if the county court acquired no jurisdiction in this case, then its judgment is void, and an appeal therefrom conferred no jurisdiction upon this court.

The transcript from the county court to this court shows an appeal bond from the justice's court to the county court, regular in form, and signed by the requisite number of sureties, and shows said bond was filed in the county court, but fails to show said bond was either filed in the justice's court or approved by the justice of the peace. As far as we may know from the record, said bond may never have been presented to the justice of the peace for approval and filing, and may never have become a justice court paper, but presented for the first time for filing to the clerk of the county court. We are not at liberty to presume that the county court had jurisdiction. American Soda Fountain Co. v. Mason, 55 Tex. Civ. App. 532, 119 S. W. 714. But such fact must affirmatively appear from the transcript on appeal. Though there is no assignment complaining of this defect, yet the matter, being jurisdictional, is fundamental in its nature, and must be noticed without an assignment.

The transcript to this court failing to show that the trial court had any jurisdiction, and so failing to show that this court has any, the judgment of the county court is reversed, and the cause remanded to the county court, with instructions to the county court, unless the jurisdictional facts of said court are made to appear to said court, to dismiss the appeal from the justice's court, and to issue a writ of procedendo to the justice's court, directing him to proceed with the execution of the judgment rendered in said justice's court. The costs of this appeal are assessed against appellant.