Joe CAVAZOS and Alicia (Alice) Cavazos (Moreno), Relators,

v.

Honorable Mackey K. HANCOCK, Respondent,

and

Roland Simpson.

No. 07–84–0106–CV.

Court of Appeals of Texas, Amarillo.

Jan. 31, 1985.

W. Hugh Harrell, Lubbock, for relators.

Claude C. Freeman, Freeman & Associates, Inc., Lubbock, for respondent.

Before REYNOLDS, C.J., and DODSON and COUNTISS, JJ.

COUNTISS, Justice.

This is an original mandamus suit. Tex. Rev.Civ.Stat.Ann. art. 1823, 1824 (Vernon 1964 & Supp.1985). Joe Cavazos and Alicia Cavazos, Relators, seek a writ of mandamus from this Court that would direct the Honorable Mackey K. Hancock, Judge of County Court at Law No. 2 of Lubbock County, Respondent, to set aside a writ of procedendo [1] and proceed to trial on a forcible entry and detainer case appealed to that court by Mr. and Ms. Cavazos. We deny the request for a writ.

The underlying suit that led to this mandamus action is a forcible entry and detainer suit filed by Roland Simpson against Mr. and Ms. Cavazos on August 8, 1981, in the Justice Court in Lubbock County. The record contains no return of service on Mr. Cavazos, and a return indicating service after the appearance day, but before entry of judgment, on Ms. Cavazos. On August 31, 1981, Simpson took a default judgment against the Cavazos. Prior to granting the requested relief, the judgment stated:

---

1. Originally, "procedendo" was a writ to compel a judge to proceed to judgment:

[The] refusal or neglect of justice, is remedied either by writ of *procedendo*, or of *mandamus*. A writ of *procedendo ad judicium*, issues out of the court of chancery, where judges of any court do delay the parties; for that they will not give judgment, either on the one side or on the other, when they ought so to do. In this case a writ of *procedendo* shall be awarded, commanding them in the king's name to proceed to judgment; but without

specifying any particular judgment, for that (if erroneous) may be set aside in the course of appeal....

3. W. BLACKSTONE, COMMENTARIES *109–110. In Texas, as in some other jurisdictions, "procedendo" has come to mean an appeals court's order to an inferior court to execute judgment. *See Houston & T.C. Ry. Co. v. Bounds*, 277 S.W. 401, 402 (Tex.Civ.App.—Waco 1925, no writ); 62 Am.Jur.2d *Procedendo* § 1 at 776 & n. 13 (1972).

## DEFAULT JUDGMENT

This being the appearance day of the defendant Joe & Alicia Cavazos, and the court being regularly in session at the time and place recited in the citation in this cause, in which cause Roland Simpson is plaintiff and Joe & Alicia Cavazos is defendant, the judge in open court regularly called such cause in its order on the docket, and came the plaintiff Roland Simpson, and, though duly served with precess, the said Joe & Alicia Cavazos, as at all times heretofore, failed to appear or answer but wholly made default, wherefore, the citation with the officer's return thereon has been duly placed on file with this court, the said Roland Simpson plaintiff, ought to have judgment against the defendant as prayed.... [2]

Subsequently, on November 23, 1981, and again on November 24, 1981, the Justice of the Peace signed judgments, in the same cause, denying any relief to Simpson. Then, on March 16, 1982, pursuant to a motion by Simpson, the Justice of the Peace rendered judgment nunc pro tunc dismissing the forcible entry and detainer suit "without prejudice to Plaintiff Roland Simpson's right to refile in this matter." The three subsequent judgments do not acknowledge the existence of, or otherwise refer to, the August, 1981, judgment.

Mr. and Ms. Cavazos appealed to County Court at Law No. 2 from the judgment nunc pro tunc. After a hearing on their motion for summary judgment, the judge of the County Court at Law issued a writ of procedendo, that (1) dismissed the "attempted appeal ... for lack and want of jurisdiction in this Court ...," and (2) ordered the Justice of the Peace to "proceed with the enforcement of the judgment against the said Joe and Alicia rendered in your Court on the 31st day of August, 1981, in favor of Rolan [sic] Simpson...."

Mr. and Ms. Cavazos appealed to this Court from the writ of procedendo, but, consistent with Tex.Rev.Civ.Stat.Ann. art.

3992 (Vernon 1966) (repealed 1983) [3] and *Woolley v. Burger,* 602 S.W.2d 116 (Tex. Civ.App.—Amarillo 1980, no writ), this Court dismissed the appeal. *Cavazos v. Simpson,* 668 S.W.2d 507 (Tex.App.—Amarillo 1984, no writ). Mr. and Ms. Cavazos then filed this original mandamus suit.

In order to decide whether the County Court at Law should be required to try the case appealed to it by Mr. and Ms. Cavazos, we must decide which Justice Court judgment is viable. If, as Mr. and Ms. Cavazos argue, it is the March 16, 1982, nunc pro tunc judgment, then the County Court at Law had jurisdiction. If, however, as the real party in interest, Roland Simpson, argues, it is the August 31, 1981, judgment, then the lower court was without jurisdiction and correctly declined to entertain the appeal. The focal point of the controversy is the failure of the underlying record to affirmatively reflect proper service on both Mr. Cavazos and Ms. Cavazos prior to entry of the August 31, 1981, judgment.

■ It is clear, of course, that there can be only one final judgment in a case. *Mathes v. Kelton,* 565 S.W.2d 78, 80 (Tex. Civ.App.—Amarillo 1977), *aff'd on other grounds,* 569 S.W.2d 876 (Tex.1978). The first judgment is controlling, and subsequent judgments that do not vacate it are a nullity, *Mullins v. Thomas,* 136 Tex. 215, 150 S.W.2d 83, 84 (1941), unless the first judgment is void on its face. *See Fulton v. Finch,* 162 Tex. 351, 346 S.W.2d 823, 827 (1961). The principles to be applied in deciding whether the judgment is void on its face were stated by this Court in *Waldron v. Waldron,* 614 S.W.2d 648, 650 (Tex.Civ. App.—Amarillo 1981, no writ):

If ... the defect is apparent from the face of the judgment, then the judgment is void and subject to either direct or collateral attack. *Fulton v. Finch,* 162 Tex. 351, 346 S.W.2d 823 (1961). If, as in this case, the court having potential jurisdiction renders a judgment regular on its face that contains recitations stating that

---

2. The excerpt from the judgment is quoted verbatim.

3. Article 3992 was replaced by Tex.Prop.Code Ann. § 24.007 (Vernon 1984).

potential jurisdiction has been activated, *i.e.*, recitations of due service, then the judgment is voidable, not void, and may be set aside only by a direct attack. *Akers v. Simpson*, 445 S.W.2d 957 (Tex. 1969). The latter result is because a court of potential jurisdiction has the power to determine whether its jurisdiction has been activated, and the recitations making that determination are immune from attack in a collateral proceeding. *McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706, 710 (1961).

 We are satisfied that the judgment dated August 31, 1981, in the forcible entry and detainer case, is the final judgment in that case. It was the first judgment rendered, is regular on its face and contains due recitations of service. As such, it is immune from the collateral attack launched by the Cavazos in this mandamus proceeding. For the same reasons, the County Court at Law correctly dismissed the appeal filed with it in March, 1982. The Cavazos did not perfect a timely appeal from the August, 1981, judgment, Tex.R.Civ.Pro. 749, and the County Court at Law did not, as it correctly concluded, have jurisdiction. *Stegall v. Cameron*, 601 S.W.2d 771, 773 (Tex.Civ.App.—Dallas 1980, writ dism'd).

 The County Court at Law also ordered the Justice Court to proceed with the execution of its August, 1981, judgment. That order, which is the essence of the writ of procedendo, was unauthorized. After the County Court at Law concluded that it did not have jurisdiction, it could only dismiss the appeal and assess costs. *Llano Improvement & Furnace Co. v. White*, 5 Tex.Civ.App. 109, 23 S.W. 594 (1893, no writ). That does not mean, however, that we should grant the writ of mandamus, because, as stated in *Llano Improvement & Furnace Co., supra:*

> If the county court, in entering a judgment that it could lawfully render,—that is, dismissing the appeal, and awarding costs,—in addition, required the justice court to do that which the law demanded, —that is, execute its judgment,—al-

though it had no authority to make such an order, it would not make invalid the judgment that it had the authority to render.... Upon the dismissal of the appeal by the county court, the law would require the justice court to execute its judgment, and the order of the county court to that effect is requiring no more than is exacted by the law.

*Id.* at 594–95. *See* Tex.R.Civ.Pro. 561.

The petition for writ of mandamus is denied.