Alton W. BEACH, Appellant,

v.

Donald M. RUNNELS, Appellee.

No. 16344.

Court of Civil Appeals of Texas.

Dallas.

May 15, 1964.

Rehearing Denied June 5, 1964.

Fanning, Billings, Harper, Pierce & Gilley, Donald A. Gilley, Dallas, for appellant.

Thompson, Knight, Wright & Simmons, Pinkney Grissom, Timothy Kelley and John A. Gilliam, Dallas, for appellee.

WILLIAMS, Justice.

On January 4, 1960 an automobile driven by Alton W. Beach collided with an automobile driven by Donald M. Runnels resulting in property damage and personal injuries to both parties. Runnels sued Beach in Cause No. 49,415, in the district court of Dallas county, seeking damages because of Beach's alleged negligence. Beach owned an insurance policy issued by Southwestern Fire & Casualty Company which provided liability coverage which included an obligation by the insurance company to defend the pending suit. The policy also provided that the insurance company was to have the exclusive right to settle suits within the policy limits without the consent of the insured. Pursuant to the terms of this policy, Southwestern Fire & Casualty Company undertook the defense of the suit on behalf of Beach and, through attorneys provided by such company, filed an answer on his behalf. Beach, at the written invitation of the insurance company, retained his own counsel. After the suit had been pending for more than four months the suit was settled and compromised by the attorney representing the insurance company, without the consent of Beach and his personal attorney, and an order of dismissal was entered on May 31, 1960.

Thereafter, on June 7, 1960, the present suit was filed by Alton W. Beach against Donald M. Runnels, being Suit No. 52,350 in the district court of Dallas County, Texas, in which Beach sought personal injury and property damages against Runnels

growing out of the same automobile collision that was involved in the first suit which had been dismissed on May 31, 1960. Runnels filed his motion for a summary judgment on the grounds that Beach's cause of action was in the nature of a compulsory counterclaim under Rule 97(a), Texas Rules of Civil Procedure, and therefore barred by the order of dismissal in the prior suit involving the same parties and same accident. Beach filed an answer to the motion for summary judgment and also amended his petition wherein he sued not only Runnels but also his insurance carrier, Southwestern Fire & Casualty Company, alleging that if he should be prevented from recovering against Runnels because of the application of Rule 97(a), T.R.C.P., he nevertheless should be allowed to recover against the insurance company for its negligence, or lack of good faith, in entering into the order of dismissal when it knew that Beach intended t⸱ file a counterclaim. The trial court granted Runnels' motion for summary judgment on the ground that Beach's claim against Runnels was barred by Rule 97(a), T.R.C.P. Thereafter Beach settled his suit against the insurance company, and perfected his appeal to this court from the order sustaining the motion for summary judgment.

Appellant's sole point of error is that: "The court erred in granting the defendant's motion for summary judgment on the grounds that this action is barred as a compulsory counterclaim under Rule 97(a) of the Texas Rules of Civil Procedure." [1]

Appellant immediately concedes that the trial court's application of Rule 97(a), T.R.C.P. to the facts in this case is in accordance with the settled law of this state. Robertson v. Melton's Estate, Tex.Civ.App., 306 S.W.2d 811, err. ref.; Lacy v. Carson Manor Hotel, Inc., Tex.Civ.App., 297 S.W. 2d 367, err. ref. n. r. e. Appellant seeks to distinguish the fact situation present in this case from the general rule saying, "Whether or not Rule 97(a) should be so applied under the circumstances is the sole question raised by this appeal, the appellant admitting that the facts of this case otherwise bring the action within the provisions of that rule, insofar as the present action clearly arises out of the same 'transaction or occurrence' that was the subject matter of the prior suit."

Appellant assumes the burden of attempting to distinguish the present factual situation from the general rule by drawing emphasis to the fact that appellant was not a party to the settling of the prior suit and that entry of the order of dismissal in the prior suit was done without his knowledge or consent. Both appellant and appellee agree that there are no Texas authorities interpreting Rule 97(a), T.R.C.P. dealing with the identical factual situation and therefore this is a case of first impression in Texas.

A review of the authorities from other jurisdictions which involve interpretations of the same or similar rules as our Rule 97 (a), T.R.C.P., or the Federal counterpart, Rule 13(a), was involved, reveal two cases where the almost identical issue was presented and expressly considered.

In Keller v. Keklikian, 362 Mo. 919, 244 S.W.2d 1001, Keklikian sued Keller for damages incurred in a collision between their two automobiles. Keller turned the suit papers over to his insurance company which had issued a liability policy containing similar provisions to the one in the instant case, and which expressly authorized the insurance company to settle the suit without the acquiescence, consent or notice

1. Rule 97(a), T.R.C.P.: "Compulsory Counterclaims. A pleading shall state as a counterclaim any claim within the jurisdiction of the court, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

to the insured. Pursuant to this authority the attorney for the insurance company settled the claim and caused the suit to be dismissed. Several weeks later Keller sued Keklikian for damages which he had sustained in the same collision. The Supreme Court of Missouri disregarded Keller's argument that the case had been dismissed without his knowledge or consent and upheld the trial court's judgment on the pleadings for the defendant on the sole ground that Keller's claim was barred by his failure to plead it as a compulsory counterclaim in the first action as required by the Rules of Civil Procedure of Missouri.

In the case of Pesce v. Linaido, 123 So. 2d 747 (District Court of Appeals of Florida, 1960), Molko instituted a claim against Pesce to recover for injuries which his son had sustained in an automobile accident between Pesce and Molko's minor son. Pesce's insurance company proposed a settlement which was accepted by Molko and a friendly suit was instituted to secure the court's approval of the settlement and a judgment was entered approving the settlement. Thereafter, Pesce brought suit against both the owner of the car that Molko's minor son was driving and the minor driver for injuries which she had sustained in the same collision. The appellate court in Florida upheld the defendant's motion for summary judgment upon the ground that Pesce's cause of action was barred by the compulsory counterclaim rule of Florida even though the trial court found as a fact that Pesce had not been afforded the opportunity to file a counterclaim since she had no knowledge of the "friendly suit" proceedings.

A number of cases (not involving compulsory counterclaims) have been decided which uphold the action of the insurance company in taking action within the policy, and in barring the interest of the insured even though the company acted without the insured's knowledge or consent. Aetna Casualty & Surety Co. v. Brooks, 218 Ga. 593, 129 S.E.2d 798; Ross v. Stricker, 153 Ohio St. 153, 91 N.E.2d 18; Kelleher v.

Lozzi, 7 N.J. 17, 80 A.2d 196; A.B.C. Truck Lines, Inc. v. Kenemer, 247 Ala. 543, 25 So. 2d 511; Biggio v. Magee, 272 Mass. 185, 172 N.E. 336.

With full knowledge of the fact that the adjudicated cases above referred to are directly contrary to his position here, appellant urges us to solve his problem by establishing what he calls the "Texas Rule". This proposed "Texas Rule" would employ the doctrine of estoppel. Appellant says:

"Thus, the proposed 'Texas Rule' would be that Rule 97(a) acts to estop a defendant who fails to file a compulsory counterclaim in a former suit from filing such claim in a latter suit; but, following the usual rules applicable to the principle of estoppel, where such defendant never knowingly fails to plead such counterclaim, there would be no estoppel and, therefore, no application of Rule 97(a)."

He argues that the adoption of this rule would have the effect of allowing the defendant's insurance company to settle the claim against the plaintiff without giving notice to their insured (thereby considering that claim on its merit solely) and still not damaging their insured by cutting off his counterclaim, which then could ultimately be pursued and determined on its merits.

Appellant asks us to amend or to engraft upon Rule 97(a), T.R.C.P. an exception which would exclude from its provisions cases in which a defendant fails to plead his counterclaim without knowledge of the settlement made by his insurance carrier. This court is without power to grant appellant's request. The rule-making power is invested solely in the Supreme Court of Texas. Art. 1731a, Vernon's Ann.Civ.St. The Court of Civil Appeals is not authorized or empowered to enact or amend rules of civil procedure.

Appellant's point of error is overruled and the judgment of the trial court is affirmed.

Affirmed.