James AKERS, Appellant,

v.

Jay SIMPSON, Appellee.

No. 15412.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Jan. 30, 1969.

Rehearing Denied Feb. 20, 1969.

Jesse Shivers, Houston, for appellant.

Gerald P. Coley, James R. Bertrand, Houston, Vinson, Elkins, Weems & Searls, Houston, of counsel, for appellee.

PEDEN, Justice.

In this tort action arising out of an automobile collision, the trial court granted Defendant Simpson's motion for summary judgment which asserted that Akers' suit was a compulsory counterclaim under Rule 97(a), Texas Rules of Civil Procedure, and was therefore barred by the final judgment in a prior tort action filed by Simpson against Akers arising out of the same collision.

Neither party has controverted the allegations of fact made by the other in affidavits and verified pleadings filed in connection with the motion for summary judgment; the dispute arises over whether the facts as alleged are material. No direct attack has been made on the judgment in the prior suit. Certified copies of the pertinent parts of the court's file in the prior suit are in the record in the present suit.

On October 23, 1967, appellee Simpson and his wife filed the prior suit, Cause No. 747,694 in the District Court of Harris County, Texas, against appellant Akers and Akers' employer, Fred Hayden, d/b/a Houston International Airport Limousine Service, seeking damages for personal injuries arising out of a collision between an automobile driven by Simpson and an Airport limousine owned by Hayden and operated by Akers. Citation in such cause was served on Hayden. Although the return indicates service was had on Akers on October 26, 1967, both he and the deputy constable who made such return stated by affidavits (filed only in the present case) that Akers was not served with citation but that the suit papers were merely left with Hayden. An answer was filed on behalf of Hayden and in Akers' name by an attorney who represented either Hayden or his insurer, but affidavits (filed only in the present case) show that Akers did not authorize the filing of any answer in his name and he was not even aware that such suit had been filed until more than thirty days after entry of what purports to be an agreed judgment on May 28, 1968. Such judgment recited that the parties appeared by their attorneys of record, who announced in open court that an agreement for settlement had been reached, that the Simpsons had released all their causes of action growing out of the accident in question and had agreed that judgment be entered for defendants. The judgment ordered that the Simpsons take nothing by reason of the suit.

Meanwhile, on December 8, 1967, Akers had filed the present suit in District Court in Harris County under Cause No. 751,913 against Simpson for damages for personal injuries incurred in what appellant concedes was the same occurrence as that which was the subject matter of Simpson's claim in Cause No. 747,694. On January 23, 1968, Simpson filed an answer to Cause No. 751,913.

On July 5, 1968, Simpson filed his motion for summary judgment in this cause and for the first time appellant learned that Simpson had filed the prior suit and that a final judgment had been entered in it on May 28.

Akers' points of error are that the trial court abused its discretion in holding that his cause was in the nature of a compulsory counterclaim under Rule 97(a), in holding that there were no genuine issues of material fact because the judgment in the other suit constitutes a bar to this one, in holding that there were no fact issues as to whether there was a constructive severance of the two causes under Rules 174 and 97(h) and in holding, if it did, that appellant's cause was barred because he failed to directly attack the prior judgment (in Simpson's case) by bill of review or motion for new trial.

Rule 97 reads in part as follows: "(a) Compulsory Counterclaims.

"A pleading shall state as a counterclaim any claim within the jurisdiction of the court, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for it adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

Appellant has shown that he did not learn of the entry of the judgment in Cause No. 747,694 until more than thirty days thereafter, so he could not have timely filed a motion for new trial, and he states that he has not sought relief by bill of review.

It is not contended that there are necessary third parties to the present case of whom the court cannot acquire jurisdiction.

Under the facts presented in the present case, Akers' claim was one which Rule 97 (a) required him to file as a counterclaim in the prior suit unless it should be held that this rule is not to apply when 1) defendant in the prior suit actually had no notice of the filing of such suit (but an unauthorized answer was filed in his name) and 2) he has not been shown to have authorized (by contract with an insurer or otherwise) or ratified the judgment disposing of the prior suit. In considering this matter we will defer until later the question of whether this appeal constitutes a collateral attack on a judgment that may be voidable but is not void.

This appears to be a case of first impression under our Rule 97(a) and also under the rule from which it was derived, Rule 13(a) of the Federal Rules of Civil Procedure.

■ It is well settled in Texas that when a prior suit between the parties to an automobile collision is ended by a judgment pursuant to a compromise settlement agreement entered into by one of the parties to the accident and the insurer of the other, although without the knowledge or consent of the insured, pursuant to authority found in the insurance policy, a subsequent suit between the parties growing out of the same accident is barred by reason of Rule 97(a). Stringer v. Munnell, 390 S.W.2d 484 (Houston First Civ.App., 1965); Beach v. Runnels, 379 S.W.2d 684 (Dallas Civ.App., 1964); Harris v. Jones, 404 S.W.2d 349 (Eastland Civ.App., 1966). In each of these three cases the Supreme Court of Texas has refused outright to grant a writ of error.

Contrary to the facts in the present case, the appellant in each of the three cited cases had actually been served with citation in the prior suit arising out of the same collision, and in all but the *Harris* case, his insurer had filed an answer in his behalf. Appellant also urges that the present case be distinguished because it was filed while the prior case was still pending, but we find no merit in this position.

There was a rejection in the *Beach* case, supra, of the suggestion that the doctrine of estoppel be utilized in applying Rule 97(a) so that an appellant who has failed to file a compulsory counterclaim in a prior suit would be estopped from filing his

claim in a later suit only if he had knowingly failed to file the counterclaim and he would not be so estopped if his insurer settled the prior suit without notice to him.

■ We conclude from an examination of Rule 97(a) and of these and the other decided Texas cases that under this strict rule the trial court did not err in granting appellee's motion for summary judgment on the ground that Akers' claim was a compulsory counterclaim in the prior suit. If no other remedy had been available to him it would be unjust to deny to appellant his day in court by reason of the entry of a judgment in a suit of which he had no notice. But his pleadings and affidavits show that he could have made a direct attack on the judgment in the prior suit by bill of review and he has indicated that he may proceed against those whom he charges with disposing of the prior suit without his consent or authority.

■■ We also conclude that appellant's assertions in this appeal concerning his lack of notice of the prior suit and the attorney's lack of authority to represent him in it constitute a collateral attack on the final judgment in the prior suit; the record shows (and appellant does not contend otherwise) that such judgment was entered by a court of competent jurisdiction, that it appears to be valid and that the defects which he asserts do not affirmatively appear on its face or in its record. Thus the judgment is not void but is only voidable and is not vulnerable to a collateral attack. 34 Tex.Jur.2d 182–3, Judgments, § 264.

This leaves only appellant's fourth point to be considered. It states that the trial court erred and abused its discretion in holding that there was not a constructive severance of the two causes of action under Rules 174 and 97(h), or at least a fact issue thereof, so as to prevent a summary judgment.

Rule 97(h), T.R.C.P., states: "Separate Trials; Separate Judgments. If the court orders separate trials as provided in Rule 174, judgment on a counterclaim or cross-claim may be rendered when the court has jurisdiction so to do, even if the claims of the opposing party have been dismissed or otherwise disposed of."

The pertinent part of Rule 174 states: "(b) Separate Trials. The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues."

Before the trial court had ruled on appellee's motion for summary judgment in the instant case, appellant filed a motion by which he asserted that he is entitled to severance of this cause from the prior suit (No. 747,694). The grounds he gave were that by Simpson's failure to file a plea in abatement in the instant case and by his permitting the prior suit to be dismissed without taking any action to effect a dismissal of the instant case, Simpson has in effect made a constructive severance of the instant case.

We overrule this point. We have been unable to find support for appellant's theory of a "constructive severance" of a claim by reason of the acts of the opposing party.

■ The rules to which appellant refers are concerned with separate trials, not severances. The judgment in the prior suit was already final when Akers asked that his suit be severed from it (to which it had never been joined) or that it be considered as severed. We conclude that the trial court lacked authority to declare as severed two claims which had never been joined and that the lack of such authority was even clearer when a final judgment had been entered as to one of such claims in a court of competent jurisdiction.

We affirm the judgment of the Trial Court.

Affirmed.