James AKERS, Petitioner,

v.

Jay SIMPSON, Respondent.

No. B–1453.

Supreme Court of Texas.

Oct. 15, 1969.

---

Jesse Shivers, John Holloway, Houston, for petitioner.

Vinson, Elkins, Searls & Connally, Gerald P. Coley and James R. Bertrand, Houston, for respondent.

STEAKLEY, Justice.

James Akers, Petitioner, an employee of Fred Hayden, d/b/a Houston International Airport Limousine Service, and Jay Simpson were involved in a traffic accident on August 30, 1967. Akers was driving an airport limousine owned by Hayden. On October 23 Simpson filed a personal injury suit in the District Court of Harris County, Texas, against Hayden and Akers, and on November 20 an answer in the form of a general denial was filed in their names. On December 8 Akers filed a personal injury suit against Simpson in the District Court of Harris County, and on January 23, 1968, Simpson filed an answer to the merits.

On May 28 an agreed judgment was entered in the suit of Simpson against Hayden and Akers, the terms of which were:

> "ON THIS 28 day of May, 1968, came on in its regular order to be heard the above styled and numbered cause, and came plaintiffs, Jay W. Simpson, and wife, Mrs. Jay W. Simpson, by and through their attorney of record, and announced ready for trial, and came defendants, James Akers, and Fred Hayden, dba Houston International Airport Limousine Service, by and through their attorney of record, and announced ready for trial; thereupon all parties announced in open court that an agreement for settlement had been consummated herein by and under the terms of which the plaintiffs have released all their causes of action growing out of the accident made the basis of this suit and have further agreed that judgment may be entered in this cause in favor of the defendants:

> "IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED BY THE COURT that the plaintiffs, Jay W. Simpson and wife, Mrs. Jay W. Simpson, take nothing by reason of this suit and that judgment be, and the same is hereby rendered in favor of the defendants.

> "All costs herein are adjudged against the defendants, for which let execution issue if same are not seasonably paid."

On July 5 Simpson filed a motion for summary judgment in Akers' suit in which he invoked Rule 97(a), Texas Rules of

Civil Procedure, the compulsory counterclaim rule. Akers countered Simpson's motion for summary judgment by filing his affidavit and that of the Deputy Constable who handled the citations issued in Simpson's suit and made the returns thereon. These affidavits established that Hayden, the employer of Akers, was personally served with citation and that the Constable was instructed to leave the Akers citation with his employer; the return, however, recited that service was had on Akers. It was further established that the answer filed in the Simpson suit on behalf of Hayden and in the name of Akers was filed by an attorney who represented either Hayden or his insurer and that Akers did not know of and did not authorize the filing of the answer in his name. The trial court granted Simpson's motion for summary judgment and this was affirmed by the Court of Civil Appeals. 437 S.W. 2d 429.

Rule 97(a) provides:

*"(a) Compulsory Counterclaims.* A pleading shall state as a counterclaim any claim within the jurisdiction of the court, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

 Our principal reason for granting the application of Akers for writ of error was to review the basic question of whether the lower courts correctly considered Akers an "opposing party" in the earlier Simpson suit and judgment. All other requirements for application of Rule 97(a)

in Akers' suit against Simpson were clearly present. The judgment in the Simpson suit, above quoted, recited that Akers was a party defendant and appeared through an attorney of record. It is the firmly established rule in Texas that a defendant who is not served and who does not appear may not, as a matter of public policy, attack the verity of a judgment in a collateral proceeding; the jurisdictional recitals import absolute verity. Crawford v. McDonald, 88 Tex. 626, 33 S.W. 325 (1895), Levy v. Roper, 113 Tex. 356, 256 S.W. 251 (1923), and State Mortgage Corporation v. Traylor, 120 Tex. 148, 36 S.W.2d 440 (1931); see Hodges, Collateral Attacks on Judgments, 41 Tex.L.Rev. 162–198, 499–544 (1962). A collateral attack on a judgment is an attempt to avoid its binding force in a proceeding not instituted for such purpose, Crawford v. McDonald, supra, and such is the case here. Akers chose not to institute a direct attack on the Simpson judgment by means of which he could have avoided the compulsory counterclaim effect of the judgment in the suit of Akers against Simpson. Not having done so, the jurisdictional recitals of the judgment in the Simpson suit bring Akers under the decisions which hold that Rule 97(a) bars a subsequent suit growing out of the same accident when a prior suit between the same parties is concluded by a judgment pursuant to a compromise settlement agreement. Harris v. Jones, 404 S.W.2d 349 (Tex.Civ.App.1966, writ ref.); Stringer v. Munnell, 390 S.W.2d 484 (Tex.Civ.App. 1956, writ ref.); and Beach v. Runnels, 379 S.W.2d 684 (Tex.Civ.App.1964, writ ref.).

This opinion will not be further extended since we also agree with the holdings of the Court of Civil Appeals upon the other questions there decided and brought forward in the application for writ of error.

The judgments below are affirmed.