**Karl CLAUSS, Appellant,**

**v.**

**Marianne McEWIN, Independent Executrix of the Estate of Doris Emdia Bixby, Deceased, Appellee.**

No. 11–02–00236–CV.

Court of Appeals of Texas, Eastland.

March 20, 2003.

Lance Baxter, Baxter, Gibbs & Robison, McKinney, for appellant.

W. Blake Hyde, Stephen R. Marsh, Law office of W. Blake Hyde, Richardson, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCLOUD, S.J.*

Opinion

AUSTIN McCLOUD, Senior Justice (Retired).

This case involves a collateral attack on a judgment in an attempt to avoid the effect of the compulsory counterclaim rule. Karl Clauss sued Marianne McEwin as the Independent Executrix of the Estate of Doris Emdia Bixby, Deceased, for damages sustained by Clauss resulting from an automobile accident involving Clauss and

---

* Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at Eastland    sitting by assignment.

Doris Emdia Bixby. The trial court granted McEwin's motion for summary judgment holding that McEwin was a party in an earlier suit between Clauss and McEwin involving the same accident; and, because Clauss did not file a compulsory counterclaim in the earlier suit before it was settled and dismissed, Clauss was barred from bringing the present suit. Clauss appeals. We affirm.

On September 8, 1999, in Cause No. 380-1581-98 in the 380th District Court of Collin County, the court entered a dismissal with prejudice in a suit involving the same accident made the basis of the present suit. The judgment provided in part:

### AGREED ORDER OF DISMISSAL WITH PREJUDICE

On this day came on to be heard the above numbered and styled cause, and came the Plaintiffs...and Intervenors...Marianne McEwin, Individually and in her capacity as Independent Executrix of the Estate of Doris Emdia Bixby, Deceased, by and through their attorney of record and came the Defendant, Karl Clauss by and through his attorney of record, and it was announced in open Court that all matters in controversy and dispute had been compromised and settled between Plaintiffs and Intervenors and Defendant, that Plaintiffs...and Intervenors...Marianne McEwin, Individually and in her capacity as Independent Executrix of the Estate of Doris Emdia Bixby, Deceased should recover nothing from Defendant Karl Clauss herein, that Plaintiffs...and Intervenors...Marianne McEwin, Individually and in her capacity as Independent Executrix of the Estate of Doris Emdia Bixby, Deceased claims against Defendant Karl Clauss should be dismissed with prejudice to the refiling of the same.

It is therefore ORDERED, ADJUDGED and DECREED that Plaintiffs...Intervenors ...Marianne McEwin, Individually and in her capacity as Independent Executrix of the Estate of Doris Emdia Bixby, Deceased have and recover nothing from Defendant, Karl Clauss, and that Plaintiffs'...and Intervenors'...Marianne McEwin, Individually and in her capacity as Independent Executrix of the Estate of Doris Emdia Bixby, Deceased claims against Defendant Karl Clauss are hereby dismissed with prejudice to the refiling of the same.

All relief not expressly granted herein is expressly denied.

The judgment provided that the claims of McEwin, Individually and in her capacity as Independent Executrix of the Estate of Doris Emdia Bixby, Deceased, against Clauss were dismissed with prejudice.

Clauss filed the present suit, Cause No. 296-587-00 in the 296th District Court of Collin County, on April 12, 2000. Clauss sued McEwin, as the Independent Executrix of the Estate of Doris Emdia Bixby, Deceased, for damages Clauss sustained in the automobile accident with Bixby.

■ Based on the motion for summary judgment, response of Clauss, and briefs of the parties, the controlling issue is whether or not McEwin, in her representative capacity as the Independent Executrix of the Estate of Doris Emdia Bixby, Deceased, was a "party" to the suit that was settled on September 8, 1999, involving the automobile accident between Clauss and Bixby.

Clauss concedes in his brief that his claim against McEwin would have been a compulsory counterclaim if McEwin was a party in the earlier suit in her representative capacity as the "Independent Executrix of the Estate of Doris Emdia Bixby,

Deceased." [1] Clauss contends that McEwin intervened in the earlier suit only as an "individual" and not in her representative capacity. Clauss's attorney in the present case filed an affidavit in response to McEwin's motion for summary judgment, stating that he had reviewed the court file in Cause No. 380–1581–98 (the earlier case) and that McEwin filed an intervention in that cause on May 13, 1999, but that the intervention "specifically named Marianne McEwin as an individual." The affidavit states that "[t]he Estate of Doris Emdia Bixby was not made a party" in Cause No. 380–1581–98 prior to the judgment entered on September 8, 1999.

We conclude that the supreme court in *Akers v. Simpson,* 445 S.W.2d 957 (Tex. 1969), a case involving a collateral attack on a prior judgment, has rejected the argument urged by Clauss. There, Simpson sued Akers and Akers's employer, Hayden, for personal injuries sustained by Simpson in an automobile accident when Akers was driving a vehicle owned by his employer. Thereafter, Akers sued Simpson in a separate lawsuit for injuries Akers received in the collision. While Akers's suit against Simpson was pending, an agreed judgment was entered in Simpson's suit against Akers and Akers's employer. The judgment stated that the case had been settled, and it was ordered and decreed that Simpson "take nothing" and that judgment was rendered in favor of Akers and Akers's employer. A summary judgment was later entered in favor of Simpson in Akers's suit against Simpson based on TEX.R.CIV.P. 97(a). On appeal, Akers argued that he was not served with citation in the prior suit filed by Simpson. The court observed:

> It was further established that the answer filed in the Simpson suit on behalf of Hayden and in the name of Akers was filed by an attorney who represented either Hayden or his insurer and that Akers did not know of and did not authorize the filing of the answer in his name.

Regarding the collateral attack of the earlier judgment entered in the Simpson suit, the court stated:

> The judgment in the Simpson suit, above quoted, recited that Akers was a party defendant and appeared through an attorney of record. It is the firmly established rule in Texas that a defendant who is not served and who does not appear may not, as a matter of public policy, attack the verity of a judgment in a collateral proceeding; the jurisdictional recitals import absolute verity. *Crawford v. McDonald,* 88 Tex. 626, 33 S.W. 325 (1895), *Levy v. Roper,* 113 Tex. 356, 256 S.W. 251 (1923), and *State Mortgage Corporation v. Traylor,* 120 Tex. 148, 36 S.W.2d 440 (1931); see Hodges, Collateral Attacks on Judgments, 41 Tex.L.Rev. 162–198, 499–544 (1962). A collateral attack on a judgment is an attempt to avoid its binding force in a proceeding not instituted for such purpose, *Crawford v. McDonald, supra,* and such is the case here. Akers chose not to institute a direct attack on the Simpson judgment by means of which he could have avoided the compulsory counterclaim effect of the judgment in the suit of Akers against Simpson. Not having done so, the jurisdictional

---

1. TEX.R.CIV.P. 97(a) provides in part:

   A pleading shall state as a counterclaim any claim within the jurisdiction of the court, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

recitals of the judgment in the Simpson suit bring Akers under the decisions which hold that Rule 97(a) bars a subsequent suit growing out of the same accident when a prior suit between the same parties is concluded by a judgment pursuant to a compromise settlement agreement.

See *Lowe v. Farm Credit Bank of Texas,* 2 S.W.3d 293, 299 (Tex.App.-San Antonio 1999, pet'n den'd), where the court, citing *Akers v. Simpson, supra,* held: "The deficiency judgment recited that Lowe was a party defendant and appeared through an attorney. Lowe may not attack that judgment in a collateral proceeding."

The judgment in Cause No. 380–1581–98 recites that Marianne McEwin appeared in that case individually and "in her capacity as Independent Executrix of the Estate of Doris Emdia Bixby, Deceased." The judgment shows that it was approved by attorneys for "Marianne McEwin, Individually and as Independent Executrix of the Estate of Doris Emdia Bixby." The affidavit of Clauss's attorney, in this collateral attack, does not create an issue of fact. *Dispensa v. University State Bank,* 987 S.W.2d 923, 928 (Tex.App.-Houston [14th Dist.] 1999, no pet'n).

TEX.R.CIV.P. 97(a) was amended in 1971, and the following proviso was added:

[P]rovided, however, that a judgment based upon a settlement or compromise of a claim of one party to the transaction or occurrence prior to a disposition on the merits shall not operate as a bar to the continuation or assertion of the claims of any other party to the transaction or occurrence unless the latter has consented in writing that said judgment shall operate as a bar.

Clauss did not urge the proviso copied above.

The authors in 2 ROY W. MCDONALD & ELAINE A. GRAFTON CARLSON, TEXAS CIVIL PRACTICE § 9.79 (2d ed.2003) give the reason for the 1971 amendment:

Several cases involving settlement raised problems under the rule as originally enacted. Each grew out of an automobile accident. Driver A sued Driver B. The latter's liability insurer then took over the defense and would settle the plaintiff's claim, sometimes without the knowledge or consent of B or his personal attorney. Based on such settlement, the actions were dismissed, usually with prejudice. When Driver B later sued Driver A for damages sustained in the same collision, B's action would be held barred by the compulsory counterclaim rule. By amendment a proviso was added to Rule 97(a) designed to ameliorate such problems. That proviso states "that a judgment based upon a settlement or compromise of a claim of one party to the transaction or occurrence prior to a disposition on the merits shall not operate as a bar to the continuation or assertion of the claims of any other party to the transaction or occurrence unless the latter has consented in writing that said judgment shall operate as a bar."

See *Haliburton v. Riley,* 589 S.W.2d 821, 822 (Tex.Civ.App.-Waco 1979, no writ). It is apparent that the proviso was added to eliminate the effect of several of the cases cited by McEwin.[2]

---

2. See 2 ROY W. MCDONALD & ELAINE A. GRAFTON CARLSON, TEXAS CIVIL PRACTICE § 9.79, p. 683 n. 9 (2d ed.2003); *Akers v. Simpson, supra; Harris v. Jones,* 404 S.W.2d 349 (Tex.Civ.App.-Eastland 1966, writ ref'd); *Stringer v. Munnell,* 390 S.W.2d 484 (Tex.Civ.App.-Houston 1965, writ ref'd); *Beach v. Runnels,* 379 S.W.2d 684 (Tex.Civ. App.-Dallas 1964, writ ref'd).

The rule announced in *Akers v. Simpson, supra,* regarding the prohibition against attacking "the verity of a judgment in a collateral proceeding" is not affected by the proviso added to Rule 97(a) in 1971. A party attempting to show the applicability of the proviso would not be collaterally attacking a prior judgment, but only "ascertaining its scope." *Stubbs v. Patterson Dental Laboratories,* 573 S.W.2d 274 (Tex. Civ.App.-Eastland 1978, no writ). The record in the present case indicates that the earlier suit was settled by Clauss's "insurance company ... with Ms. Bixby's family against [appellant's] wishes." The attorney representing Clauss in the present suit was not the attorney who represented Clauss in the earlier suit. The record does not reflect that Clauss consented in writing that the compromise settlement agreement would operate as a bar to his suit for damages. The scope of the judgment in the earlier suit indicates that, because of the proviso, Clauss's suit would not be barred by Rule 97(a). However, Clauss's only point of error in this case is that the trial court erred in finding that Marianne McEwin, Independent Executrix of the Estate of Doris Emdia Bixby, Deceased, was a party to the previous suit, making this suit a compulsory counterclaim to the previous suit. The proviso added to Rule 97(a) in 1971 is not discussed by Clauss in his response or in his brief. We cannot reverse a summary judgment on a ground not properly before us. *Prudential Insurance Company of America v. J.R. Franclen, Inc.,* 710 S.W.2d 568, 569 (Tex.1986). Clauss's point of error is overruled.

The judgment of the trial court is affirmed.