Affirmed and Memorandum Opinion
filed February 1, 2011

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00020-CR



David Darell
Glandon, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the County Criminal Court at Law No. 13

Harris County, Texas

Trial Court
Cause No. 1616925



 

MEMORANDUM OPINION 

A jury convicted appellant David Darell Glandon of
violating a protective order and assessed punishment at 100 days in jail.  In
six issues, appellant challenges his conviction.  We affirm.  

Background

The complainant, Sheri Glandon, was married to
appellant from 1998 to 2007.  She obtained a protective order against appellant
on April 9, 2008, from the 310th District Court of Harris County pursuant to
the Chapter 85 of the Texas Family Code.[1] 
The protective order prohibited appellant from engaging in the following
conduct:  committing family violence against Sheri; communicating directly with
Sheri in a threatening or harassing manner; communicating a threat through any
person to Sheri; and “[e]ngaging in conduct directed specifically toward Sheri,
including following Sheri, that is likely to harass, annoy, alarm, abuse,
torment, or embarrass” Sheri.  

On July 29, 2009, appellant was charged by
information with violating the April 9, 2008 protective order under Section
25.07 of the Texas Penal Code by “intentionally and knowingly” communicating
with the complainant on March 7, 2009, in a “threatening and harassing manner”
(1) “BY CALLING THE COMPLAINANT ON THE TELEPHONE AND LEAVING VOICE MESSAGES ON
THE COMPLAINANT’S TELEPHONE THAT THREATENED HARM TO THE COMPLAINANT”; (2) “BY
LEAVING REPEATED VOICE MESSAGES ON THE COMPLAINANT’S TELEPHONE”; and (3) “BY
CALLING THE COMPLAINANT ON THE TELEPHONE AND LEAVING VOICE MESSAGES ON THE
COMPLAINANT’S TELEPHONE WITH VULGAR AND ABUSIVE LANGUAGE.”  See Tex. Penal Code Ann. § 25.07 (West Supp.
2009).  The State alleged one prior felony for the offense of robbery for
enhancement of punishment.  

At trial, Sheri testified that she called the police
on March 7, 2009, because appellant had called her “a bunch of times
threatening [her] about [her] son.”  The trial court admitted State’s Exhibit
No. 2, a CD containing the recorded voice mail messages appellant had left on
Sheri’s cell phone on March 7, 2009.  The State played five messages for the
jury.  Sheri testified that the messages were vulgar, threatening, abusive, and
harassing.  Sheri further testified that “[she] thought he was going to hurt [her].
. . . Any way he could.  Physically.”  Sheri “was scared.  [She] knew that he
could get around [her] property and damage anything or damage [her] or hurt [her].”
 She also felt “intense fear and threat with these messages.”  

The jury found appellant guilty of violating the
April 9, 2008 protective order, found appellant was a repeat offender, and
assessed punishment at confinement in jail for 100 days.  In this appeal, appellant
contends that the trial court erred by (1) overruling his motion to quash the
information, (2) overruling his objections to defects in the form and substance
of the information, (3) admitting the recorded voice mails into evidence, and
(4) granting judgment against him on the jury’s guilty verdict.  

Analysis

Defects in
Information

In his first, second, and third issues, appellant
contends that the trial court abused its discretion by overruling his motion to
quash the criminal information.  Appellant argues that the information does not
provide sufficient notice of the charges against him because (1) it does not
describe the type of “harm” allegedly inflicted on Sheri, i.e., physical,
financial, psychological, or legal; (2) the phrase “repeated voice messages” is
vague because it fails to identify the number of messages which constitute
“repeated” messages; (3) the alleged offense is overly broad because it fails
to state how the repeated voice messages are threatening and harassing; (4) the
phrase “vulgar and abusive” is vague because it did not apprise him of the
specific abusive and vulgar language against which he would prepare his
defense; and (5) it does not describe how the “vulgar and abusive language” is
threatening and harassing.  

Under the United States and Texas Constitutions, a
criminal defendant has the right to notice of the nature and cause of action
against him.  U.S. Const. amend. VI;
Tex. Const. art I, § 10.  To satisfy this notice requirement, the
information must be “‘specific enough to inform the accused of the nature of
the accusation against him so that he may prepare a defense.’”  Lawrence v.
State, 240 S.W.3d 912, 915 (Tex. Crim. App. 2007) (quoting State v. Moff,
154 S.W.3d 599, 601 (Tex. Crim. App. 2004)).  A motion to quash should be
granted only where the language concerning the defendant’s conduct is so vague
or indefinite as to deny the defendant effective notice of the acts he
allegedly committed.  DeVaughn v. State, 749 S.W.2d 62, 67 (Tex. Crim.
App. 1988).  

A ground for an exception to the form of an
information exists if the information fails to allege facts sufficient to give
the defendant notice of the precise offense with which he is charged.  Sanchez
v. State, 120 S.W.2d 359, 367 (Tex. Crim. App. 2003); Adams v. State,
707 S.W.2d 900, 901 (Tex. Crim. App. 1986).  A defect in form does not render
an information insufficient unless the form defect “prejudice[s] the
substantial rights of the defendant.”  Tex.
Code Crim. Proc. Ann. art.
21.19 (West 2009 ); Olurebi v. State, 870 S.W.2d 58, 61 (Tex. Crim. App.
1994).  The failure to provide proper notice in a charging instrument is not
reversible error unless the error affects the defendant’s ability to prepare a
defense.  Chambers v. State, 866 S.W.2d 9, 17 (Tex. Crim. App. 1993). 
In making this determination, we consider the complete record.  Flores v.
State, 33 S.W.3d 907, 919 (Tex. App.—Houston [14th Dist.] 2000, pet. ref’d)
(op. on reh’g).  We review a trial court’s decision to deny a motion to quash
an information under a de novo standard of review.  Lawrence, 240 S.W.3d
at 915.  

Assuming, without deciding that the information
failed to give appellant notice and the trial court erred by denying
appellant’s motion to quash, we conclude that any error was harmless.  Appellant
filed a partial reporter’s record in this appeal.  Under Rule 34.6(c) of the
Texas Rules of Appellate Procedure, a party who properly designates certain
portions of the reporter’s record may appeal without a complete record, and the
appellate court must presume the incomplete record is complete for purposes of
the appeal.  Tex. R. App. P.
34.6(c)(4).  However, appellant has not followed the steps set forth for an
appeal based on a partial reporter’s record to be entitled to rely on the
presumption that the partial reporter’s record constitutes the entire record
for purposes of this appeal.  The record does not reflect that appellant filed
a statement of the points or issues to be presented on appeal as required by
Rule 34.6(c)(1).  See Tex.
R. App. P. 34.6(c)(1).  We are
required to review the “complete record” in determining whether any error
affected appellant’s ability to prepare a defense.  See Flores, 33
S.W.3d at 919.  Because appellant failed to comply with the requirements of
Rule 34.6(c), the State correctly argues that we must presume the omitted
portions of the reporter’s record are relevant and support the trial court’s
decision to overrule appellant’s motion to quash.  See In re J.S.P., 278
S.W.3d 414, 418 (Tex. App.—San Antonio 2008, no pet.) (“When an appellant fails
to file the statement of appellate points or issues, we presume that the material
missing from the reporter’s record is relevant and supports the trial court’s
judgment.”).  Appellant’s first, second, and third issues are overruled.  

In his fourth issue, appellant contends that the trial
court erred in overruling his objections to defects in the form and substance
of the information.  Appellant complains that the State alleged in the
information that the conduct was committed “knowingly and intentionally”
instead of “knowingly or intentionally,” and in a “threatening and
harassing” manner instead of a “threatening or harassing” manner as used
in the statute.  See Tex. Penal.
Code Ann. § 25.07(a).  Appellant argues that this lowered the State’s
burden of proof and he was required to prepare his defense against overly broad
and vague charges.  

At the pretrial hearing, the State responded that it
“is permitted to plead in the conjunctive and prove in the disjunctive.”  The
trial court ruled that “[t]he charge will be or” and overruled appellant’s
objections.  Although the information may allege the differing methods of
committing the offense in the conjunctive, it is proper for the jury to be
charged in the disjunctive.  Kitchens v. State, 823 S.W.2d 256, 258
(Tex. Crim. App. 1991).  The State may allege a defendant’s mental state in the
conjunctive and submit it to the jury in the disjunctive.  Rogers v. State,
774 S.W.2d 247, 251 (Tex. Crim. App. 1989), overruled on other grounds by
Peek v. State, 106 S.W.3d 72, 79 (Tex. Crim. App. 2003); Zanghetti v.
State, 618 S.W.2d 383, 387–88 (Tex. Crim. App. 1981).  While the trial
court submitted the terms “intentionally or knowingly” to the jury in
the disjunctive, it submitted the terms “threatening and harassing” in
the conjunctive.  

Appellant does not specify whether this is a defect
in form or substance, but this does not matter because he must still show harm
in the case of either type of defect.  Again, assuming without deciding that
the information contains a defect in form or substance, appellant cannot show
that his substantial rights were affected.  As addressed above, we are required
to review the entire record in conducting a harm analysis regarding any alleged
trial court error in failing to dismiss an indictment that contains a defect in
form.  See Flores, 33 S.W.3d at 919.  Appellant’s failure to file a
statement of points and issues to be considered on appeal with the partial
reporter’s record requires this court to presume that the omitted portions of
the reporter’s record are relevant and support the trial court’s decision.  See
In re J.S.P., 278 S.W.3d at 418.  

With respect to alleged error regarding a defect in
substance, the Texas Court of Criminal Appeals recently held that trial court
error in failing to dismiss an indictment that contains a defect in substance
is subject to a harm analysis under Rule 44.2(b) of the Texas Rules of
Appellate Procedure.  Mercier v. State, 322 S.W.3d 258, 264 (Tex. Crim.
App. 2010).  Under Rule 44.2(b), any error that does not affect substantial
rights must be disregarded.  Tex. R. App.
P. 44.2(b).  Appellate courts should not overturn a criminal conviction for
non-constitutional error if the court, after examining the record as a whole,
has fair assurance that the error did not influence the jury, or had but slight
effect.  Jabari v. State, 273 S.W.3d 745, 754 (Tex. Crim. App. 2008).  Thus,
we are required to review the entire record in conducting a harm analysis under
Rule 44.2(b).  Because appellant filed only a partial reporter’s record without
a statement of points or issues to be presented on appeal as required, we must
presume the omitted portions of the reporter’s record are relevant and support
the trial court’s ruling on appellant’s overruling his objections to defects in
the form and substance of the information.  See In re J.S.P., 278 S.W.3d
at 418.  Appellant’s fourth issue is overruled.  

Admission
of the Voice Mail Recordings

In his fifth issue, appellant asserts that the trial
court erred in overruling his objection to the admission of voice mail recordings
into evidence because the State failed to establish a proper foundation for
their admission.  The State contends that appellant waived this issue on
appeal.  Appellant states that he objected to the admission of the voice mail recordings
in his “Motion in Limine-Extraneous Matters” and “Brief for Motion in Limine-Extraneous
Matters and in the Alternative Motion to Exclude Voice Mail Recordings from Evidence
on Grounds of No Foundation” and during trial.  

In his motion in limine, appellant requested that the
trial court instruct the State not to mention, allude, or refer in any manner
to any voice mail, tape recordings, or other electronic recordings alleged to
be appellant, in the presence of the jury, until a hearing has been held
outside the presence of the jury to determine whether such voice mail or tape
recordings were admissible.  In his supporting brief, appellant argued that the
voice mail recordings should be excluded from evidence because the State failed
to establish the proper foundation pursuant to the seven factors set forth in Edwards
v. State, 551 S.W.2d 731 (Tex. Crim. App. 1977).  

At the pretrial hearing, the following took place
with regard to the voice mail recordings:  

            [THE STATE]:  Judge, I think Defense counsel
also had some issues in terms of the voice recordings.  I don’t know if you
want to pick the jury first and then the Court would like to hear the rest of
Counsel’s motions in terms of his objections because there’s going to be a few
recordings that might — to expedite the trial for the Court to hear them and
rule on all the recordings first before to try to enter them one by one by one
and Counsel objects during trial.

            Would you like to do that after we pick the
jury?

            THE COURT:  I can’t tell either one of you how
to try your case.

            [APPELLANT’S COUNSEL]:  My concern about my
objections to the voice recordings is should my objections be sustained and
they are not admitted, they really shouldn’t be talked about in the jury
selection process.

            [THE STATE]:  I understand.

            And we also have some motions in limine; and I
think Counsel has those, too, Judge.

            THE COURT:  Are you asking me to have a hearing
as to whether they are admissible or not admissible?  Is that what you are
asking me?

            [THE STATE]:  Yes, Judge.  We discussed prior
and Counsel said he was going to object to each of them as they were being
entered.  I just thought it might be expedient if the Court just ruled on that
beforehand so that way, you know, each time it comes in, we don’t —

            THE COURT:  All right.  I’ll do that in a few
minutes.

To preserve error for appellate review, an appellant
must make a timely, specific objection and obtain an adverse ruling.  Tex. R. App. P. 33.1(a); Geuder v.
State, 115 S.W.3d 11, 13 (Tex. Crim. App. 2003).  The trial court did not
hear any specific argument at the pretrial hearing on the admissibility of the
recordings.  Although appellant asserts that the trial court overruled his
objections, he never obtained a ruling from the trial court during the hearing
on the admissibility of the recordings.[2]
 An appellant must obtain an adverse ruling to preserve error in the admission
of evidence.  See Moff v. State, 131 S.W.3d 485, 489 (Tex. Crim. App.
2004) (“[T]he complaining party must have obtained an adverse ruling from the
trial judge, or objected to the judge’s refusal to rule, to preserve error in
the admission of the evidence.”).  Even if appellant had obtained a ruling on
his motion in limine, he would not have adequately preserved the error he complains
of here.  A grant or denial of a motion in limine is a preliminary ruling only
and preserves nothing for appellate review.  Geuder, 115 S.W.3d at
14–15. 

At trial, appellant made the following objection when
the State sought to introduce the voice mail recordings into evidence:  

            [APPELLANT’S COUNSEL]:  And the Defendant
objects on the grounds that Officer Jack has already testified that these
messages were dated March 7th.  The last officer that just testified testified
[sic] there was no dates [sic] on them.  A copy of the messages I was provided
have no dates on them.

            My objection is on the grounds that these
messages are undated hearsay.  We don’t know when they occurred, and we’ve got
conflicting testimony from Officer Jack as to what the dates are.  He says they
are dated March 7th.  I’ve got a copy of them, and there’s absolutely no dates
on them, which is consistent – 

            THE COURT:  You can’t testify.

            [APPELLANT’S COUNSEL]:  What I’m saying is –

            THE COURT:  Your objection is overruled.  They
will be admitted into evidence.

            [APPELLANT’S COUNSEL]:  It’s hearsay.

Appellant objected on the basis of hearsay during
trial, not on the failure to establish the proper foundation for the admission
of the recordings.  Because appellant’s objection on appeal does not comport
with his objection at trial, he has waived any error on appeal.  See Banargent
v. State, 228 S.W.3d 393, 400 (Tex. App.—Houston [14th Dist.] 2007, pet.
ref’d).  

Even if appellant had not waived his complaint on
appeal, he cannot show that any error in the admission of the voice mail
recordings affected his substantial rights.  In determining whether error, if
any, in the admission of the voice mail recordings affected appellant’s
substantial rights, we must review the entire record.  See Motilla v. State,
78 S.W.3d 352, 355 (Tex. Crim. App. 2002) (“[S]ubstantial rights are not
affected by the erroneous admission of evidence ‘if the appellate court, after
examining the record as a whole, has fair assurance that the error did not
influence the jury, or had but a slight effect.’” (quoting Solomon v. State,
49 S.W.3d 356, 365 (Tex. Crim. App. 2001))).  Because appellant only requested
a partial reporter’s record and did not comply with Rule 34.6(c) by filing a
statement of points or issues to be considered on appeal, we must presume the
omitted portions of the record support the judgment.  See In re J.S.P.,
278 S.W.3d at 418.  Appellant’s fifth issue is overruled.  

Collateral
Attack

In his sixth issue, appellant contends that the trial
court erred in granting judgment against him on the jury’s guilty verdict
because the protective order on which his prosecution was based was void for
lack of jurisdiction.  Appellant asserts that it was error for the 310th
District Court to enter a default protective order against him because there
was no evidence on the face of the court’s file of proof of service to enable
the court to exercise personal jurisdiction over him.  

Prior to the State’s filing the complaint and the
information, appellant filed a motion to dismiss the cause against him.  However,
there is nothing in the record to show that appellant’s motion to dismiss or
jurisdictional arguments were presented to the trial court or ruled on by the
trial court.  See Geuder, 115 S.W.3d at 13 (preserving error for
appellate review under Rule 33.1 requires that “the trial judge either ruled on
the request, objection, or motion (expressly or implicitly), or he refused to
rule and the complaining party objected to that refusal”).  Even assuming that
appellant has not waived this issue, appellant may not collaterally attack the
protective order in this criminal proceeding.  

A collateral attack is an attempt to avoid the effect
of a judgment in a proceeding brought for some other purpose.  Adams v.
State, 222 S.W.3d 37, 57 (Tex. App.—Austin 2005, pet. ref’d).  Here,
appellant challenges the civil protective order in this collateral criminal
proceeding.  Appellant cites no cases authorizing such collateral attack, and
this court finds none.  Two unpublished decisions have addressed this issue,
applying the traditional collateral attack analysis applicable to civil
judgments.  See Dillard v. State, No. 05-00-01745-CR, 2002 WL 31845796,
at *4 (Tex. App.—Dallas Dec. 20, 2002, no pet.) (not designated for
publication) (“Because the protective order is essentially a civil judgment, we
apply civil rules to decide this collateral attack.”); see also Ramirez v.
State, No. 08-07-00207-CR, 2008 WL 3522369, at *4 (Tex. App.—El Paso Aug.
14, 2008, no pet.) (mem. op., not designated for publication).  However, courts
reviewing collateral attacks on criminal judgment apply a parallel analysis.  Nix
v. State, 65 S.W.3d 664, 668 (Tex. Crim. App. 2001).  

Only a void judgment may be collaterally attacked.  Browning
v. Prostock, 165 S.W.3d 336, 346 (Tex. 2005).  A judgment is void only when
it is apparent that the court rendering judgment “‘had no jurisdiction of the
parties or property, no jurisdiction of the subject matter, no jurisdiction to
enter the particular judgment, or no capacity to act.’”  Id. (quoting Browning
v. Placke, 698 S.W.2d 362, 363 (Tex. 1985)).  

If a court having potential jurisdiction renders a
judgment when the potential jurisdiction has not been invoked, and the defect
is apparent on the face of the judgment, then the judgment is void and subject
to either direct or collateral attack.  Graham v. Graham, 733 S.W.2d 374,
377 (Tex. App.—Amarillo 1987, writ ref’d) (citing Fulton v. Finch, 162
Tex. 351, 355, 346 S.W.2d 823, 827 (1961)).  If the court having potential
jurisdiction renders a judgment regular on its face that has been activated,
then the judgment is voidable, not void, and may be set aside only by direct
attack.  Akers v. Simpson, 445 S.W.2d 957, 959 (Tex. 1969).  “It is the
firmly established rule in Texas that a defendant who is not served and who
does not appear may not, as a matter of public policy, attack the verity of a
judgment in a collateral proceeding; the jurisdictional recitals import
absolute verity.”  Id.  

We “must indulge every presumption in favor of the
regularity of the proceedings and documents” in the trial court.  McCloud v.
State, 527 S.W.2d 885, 887 (Tex. Crim. App. 1975).  This presumption of
regularity means “recitations in the records of the trial court, such as a
formal judgment, are binding in the absence of direct proof of their falsity.” 
Breazeale v. State, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984) (op. on
reh’g).  

The protective order recited that the trial court
found “[appellant] having been duly and properly cited, and having been duly
and properly served with the application and notice of hearing: . . . did not
appear and wholly made default.”  The trial court further found “that all
necessary prerequisites of the law have been satisfied and that this Court has
jurisdiction over the parties and subject matter of this cause.”  The recital
of jurisdiction over the parties in the protective order is entitled to “absolute
verity” in this collateral attack.  See Akers, 445 S.W.2d at 959. 
Therefore, the protective order remained presumptively valid.  Appellant may
not collaterally attack the April 9, 2008 protective order in this appeal from
his conviction for violating that order.  See Ramirez, 2008 WL 3522369,
at *4 (holding appellant could not collaterally attack validity of protective
order in appeal from conviction for violating it); Dillard, 2002 WL
31845796, at *5–6 (holding recital of jurisdiction over parties in protective
order was entitled to “absolute veracity” in collateral attack, and appellant
could not collaterally attack validity of protective order in appeal from
criminal conviction for violating order).  Appellant’s sixth issue is
overruled.  

Having overruled all of appellant’s issues, we affirm
the trial court’s judgment.  

 

 

                                                                                    

                                                                        /s/        Sharon
McCally

                                                                                    Justice

 

 

 

Panel consists of Justices Anderson,
Seymore, and McCally.

Do
Not Publish — Tex. R. App. P. 47.2(b). 


 

 









[1]
See Tex. Fam. Code Ann. §§
85.001–.065 (West 2008 & Supp. 2009).





[2]
We further observe that appellant failed to provide a citation to the record
demonstrating any trial court ruling on his objections.  See Tex. R. App. P. 38.1.