

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00277-CV

Susan Rebecca **CAMMACK**,
Appellant

v.

**THE BANK OF NEW YORK MELLON** f/k/a The Bank of New York as Trustee for the
Certificateholders of CWABS 2004-05,
Appellee

From the 216th Judicial District Court, Kerr County, Texas
Trial Court No. 17695B
The Honorable Stephen B. Ables, Judge Presiding

Opinion by:     Sandee Bryan Marion, Chief Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Luz Elena D. Chapa, Justice
                Beth Watkins, Justice

Delivered and Filed: April 10, 2019

AFFIRMED

Appellant Susan Rebecca Cammack ("Cammack") appeals the trial court's order granting

summary judgment in favor of appellee the Bank of New York Mellon f/k/a The Bank of New

York as Trustee for the Certificateholders of CWABS 2004-05 ("Mellon") on Cammack's claims

for quiet title, trespass to try title, and declaratory judgment. We affirm the trial court's judgment.

**Background**

In 2004, Cammack and her then-husband Gian Gabrielle Foschini ("Foschini") obtained a $500,000 home equity loan secured by a lien against real property located in Kerr County ("the Property"). The lien was assigned to Mellon.

**A.    The 2011 lawsuit**

In 2011, after Cammack and Foschini defaulted on the home equity loan, Cammack sued Mellon and several other banks in Kerr County District Court alleging the loan was void and requesting declaratory judgment quieting title in her favor ("the 2011 lawsuit"). Mellon asserted counterclaims against Cammack and third-party claims against Foschini seeking foreclosure of the Property. The trial court granted summary judgment in Mellon's favor on all of Cammack's claims. In a separate order, the trial court granted Mellon summary judgment for foreclosure ("the Foreclosure Judgment"). On May 2, 2017, the Kerr County Sheriff conducted a foreclosure sale and sold the Property to Mellon.

**B.    The 2017 lawsuit**

In August 2017, Cammack again sued Mellon and the other banks in Kerr County District Court asserting claims for quiet title, trespass to try title, and declaratory judgment ("the 2017 lawsuit"). The 2017 lawsuit was removed to the United States District Court for the Western District of Texas in September 2017. On March 14, 2018, the federal court remanded the case for lack of subject-matter jurisdiction.

On July 17, 2018, Mellon filed a traditional and no-evidence motion for summary judgment, arguing Cammack's claims are barred by res judicata and collateral estoppel and, in any event, fail on the merits. The trial court granted the motion six days later. Cammack filed a motion to vacate the trial court's judgment on the grounds that the trial court granted summary judgment without first setting a hearing or giving Cammack an adequate opportunity to respond to Mellon's

motion. The trial court denied Cammack's motion. Mellon then filed a motion to reconsider the order denying Cammack's motion, stating Mellon was not opposed to the relief Cammack sought and requesting that the trial court set a hearing on the summary judgment motion. On August 31, 2018, the trial court granted Cammack's "motion not in opposition to [Mellon's] motion to reconsider" and set Mellon's motion for summary judgment for hearing on September 13, 2018. Cammack filed a response in opposition to the motion for summary judgment and a plea to the jurisdiction. After a hearing on September 13, 2018, the trial court on September 16, 2018, again granted Mellon's traditional and no-evidence motion for summary judgment. The trial court did not explicitly rule on Cammack's plea to the jurisdiction.

## C.    The appeal

Cammack initially filed a notice of appeal in April 2018, stating she intended to appeal from the "judgment" signed on March 14, 2018 by the federal court. On September 10, 2018, Cammack filed a conditional motion to withdraw the appeal pending the summary judgment hearing scheduled for September 13, 2018. Following the September 13 hearing, Cammack notified this court of her intent to pursue this appeal, and this court permitted Cammack to maintain her right of appeal. Cammack filed her pro se brief on December 28, 2018.[1] On December 31, 2018, this court notified Cammack by letter that while the court would not order re-briefing, Cammack's brief was not in compliance with Texas Rule of Appellate Procedure 38.1(i) in that it does not contain a clear and concise argument for the contentions made with appropriate citations to authorities and to the record.

---

[1] Another defendant bank in the trial court, JP Morgan Chase Bank, N.A. ("Chase"), filed an appellee's brief. Because Cammack's appellate brief identifies Mellon as the only appellee and does not raise any arguments related to Chase, Cammack has waived any right to appellate relief related to her claims against Chase. *See* TEX. R. APP. P. 38.1.

**Discussion**

Although Cammack identifies three separate issues on appeal, the gist of all three issues is that the trial court in the 2017 lawsuit erred in "declining to consider a jurisdictional challenge and new information and evidence" demonstrating Mellon lacked standing to pursue foreclosure in the 2011 lawsuit. In the "Argument" section of her brief, Cammack appears to raise two additional issues: (1) the trial court "was prejudiced to dispose of this case before the summary judgment hearing of September 13, 2018 as evidenced by [its] actions in the events leading up to that hearing and to this appeal"; and (2) Mellon "has intentionally confused, confounded, and concealed [its] true name in order to defraud" Cammack.

**A.      Standard of review**

Cammack appeals from the trial court's order granting summary judgment in favor of Mellon. Where, as here, a defendant moves for both traditional and no-evidence summary judgment and the trial court grants summary judgment without stating its grounds, we first review the trial court's decision as to the no-evidence motion for summary judgment. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). We review the grant of no-evidence summary judgment de novo. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004).

A party moving for no-evidence summary judgment is entitled to judgment if, "[a]fter adequate time for discovery, . . . there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial." TEX. R. CIV. P. 166a(i). The trial court "must" grant a no-evidence motion for summary judgment unless the non-moving party produces evidence raising a genuine issue of material fact. *Id.* "A genuine issue of material fact exists if more than a scintilla of evidence establishing the existence of the challenged element is produced." *Ridgway*, 135 S.W.3d at 600.

**B.      Cammack's first three issues**

In her first three issues, Cammack reiterates the arguments she made in response to Mellon's motion for summary judgment. Cammack argues Mellon lacked standing to seek foreclosure in the 2011 lawsuit because: (1) Mellon is a "mere Trustee of a mortgage backed investment pool in the mortgage secondary market," (2) Mellon is "specifically prohibited by its own controlling document, The Pooling Services Agreement (PSA), from prosecuting foreclosures or evictions against mortgage loan 'Borrowers' or alleged borrowers like [Cammack]," and (3) Mellon is "not the Holder in Due Course of the alleged mortgage note." The essence of Cammack's argument is that because Mellon lacked standing to foreclose, the trial court in the 2011 lawsuit lacked subject-matter jurisdiction to render the Foreclosure Judgment. Cammack's defense to summary judgment, therefore, is a collateral attack on the Foreclosure Judgment.

"A collateral attack is an attempt to avoid the binding force of a judgment in a proceeding not instituted for the purpose of correcting, modifying, or vacating the judgment, but in order to obtain some specific relief which the judgment currently stands as a bar against." *Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005). A judgment may not be collaterally attacked unless it is void. *Id.* A judgment is void only when it is apparent the court that rendered it "'had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act.'" *Id.* (quoting *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985)). When reviewing a collateral attack, "we presume the validity of the judgment under attack, and extrinsic evidence may not be used to establish a lack of jurisdiction." *In re A.G.G.*, 267 S.W.3d 165, 169 (Tex. App.—San Antonio 2008, pet. denied). "A collateral attack fails if the judgment contains jurisdictional recitals, even if other parts of the record show a lack of jurisdiction." *Id.*; *accord Akers v. Simpson*, 445 S.W.2d 957, 959 (Tex. 1969) ("[T]he jurisdictional recitals [in a judgment] import absolute verity.").

The Foreclosure Judgment, which is attached to Mellon's motion for summary judgment filed in the 2017 lawsuit, states: "The Court determined it had jurisdiction over the subject matter and the parties in this proceeding." Therefore, Cammack's collateral attack is without merit because the Foreclosure Judgment contains a recitation of jurisdiction. *See A.G.G.*, 267 S.W.3d at 169. Because Cammack's arguments attacking the Foreclosure Judgment lack merit, we conclude she failed to raise a genuine issue of material fact precluding the trial court from granting summary judgment in Mellon's favor. *See Ridgway*, 135 S.W.3d at 600. Cammack's first three issues are overruled.

## C.    Cammack's additional issues

Cammack also appears to argue the trial court was "prejudiced" in favor of granting summary judgment and that Mellon committed fraud regarding its own name. With respect to both arguments, it is unclear precisely what error Cammack alleges the trial court committed or what relief Cammack seeks on appeal.[2] Cammack does not cite any legal authority or the appellate record.

We recognize Cammack is not an attorney and is representing herself on appeal. Pro se litigants, however, are generally held to the same standards as licensed attorneys and must comply with all applicable rules, including the rules governing appellate briefs. *Olivarri v. Olivarri*, No. 04-17-00477-CV, 2018 WL 2418467, at *2 (Tex. App.—San Antonio May 30, 2018, no pet.) (mem. op.) (citing *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (per curiam)). As this court advised Cammack in its December 31, 2018 letter, Cammack has the burden to make clear and

---

[2] To the extent Cammack would argue the trial court erred in initially granting Mellon's motion for summary judgment without first allowing Cammack an adequate opportunity to respond, we note the trial court remedied any error by vacating its initial order and setting the summary judgment motion for hearing more than twenty-one days after it was filed. *See* TEX. R. CIV. P. 166a(c) ("Except on leave of court, with notice to opposing counsel, the motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing.").

concise arguments with appropriate citations to authorities and to the record. *See* TEX. R. APP. P. 38.1(i). Where, as here, an appellant fails to cite relevant authority, provide relevant citations to the record, or provide substantive analysis of an issue raised in the brief, nothing is presented for our review. *Olivarri*, 2018 WL 2418467, at *2. Therefore, to the extent Cammack attempts to raise any additional issues, she has waived them by inadequate briefing.

### Conclusion

Because we overrule Cammack's issues on appeal, we affirm the trial court's judgment.

Sandee Bryan Marion, Chief Justice